1 | Eric C.R. K'nAPP (#J-10618)
2 | Salinas Valley State Prison
   | Post Office Box 1050
3 | Soledad, California 93960-1050
4 | In Pro Per



5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | ERIC CHARLES RODNEY K'nAPP,          Case No.:          CV 08-0719 (PR)

11 | Plaintiff,

12 | v.                                   RESPONSE BY PLAINTIFF TO THE COURT'S
                                          ORDER TO SHOW CAUSE DATED 5/7/08.
13 | JAMES TILTON, et al.,

14 | Defendants.

15

16 |     TO: THE HONORABLE **Jeffrey S. White**, UNITED STATES DISTRICT JUDGE:

17 |         On 5/12/08, Plaintiff Eric K'nAPP received this Court's order directing

18 | him to show cause why his initial complaint in the present action titled above

19 | should not be dismissed under 28 U.S.C. § 1915(g) based on previous dismissals

20 | Plaintiff has suffered in K'nAPP v. Knowles, et al. (E.D. Cal. 8/13/04) No. CIV

21 | S 03-0394 (hereafter "K'nAPP I"); K'nAPP v. Knowles, et al. (E.D. Cal. 6/13/07)

22 | No. CIV S 06-0453 (hereafter "K'nAPP II"), and K'nAPP v. White (9th Cir.

23 | 8/24/07) No. 07-16156 (hereafter "K'nAPP III").

24 |         Plaintiff has carefully read the Court's order to show cause and with

25 | all due respect certainly understands the Court has various responsibilities in

26 | deciding whether to grant or deny a pending application to proceed in forma

27 | pauperis, particularly in cases such as here where pro se plaintiffs have

28 | already experienced several dismissals in other civil actions after being

1

1   granted leave to proceed therein as indigents.

2        It is therefore with sincere appreciation and thanks for this chance to
3   address the Court's concerns that Plaintiff now responds to the Court's order as
4   follows.

5                                    **ARGUMENT**

6                    PLAINTIFF SHOULD NOT BE BARRED FROM PROCEEDING HERE IN
                    FORMA PAUPERIS BECAUSE HE HAS YET TO SUFFER EVEN A
7                    SINGLE "STRIKE" WITHIN THE MEANING OF 28 U.S.C. §
                    1915(g).
8

9        28 U.S.C. § 1915(g), commonly known as the "three strikes" provision of
10  the Prison Litigation Reform Act of 1996, specifically defines "strikes" as
11  "prior cases or appeals, brought while the plaintiff was a prisoner, which were
12  dismissed on the ground that [they were] frivolous, malicious, or fail[ed] to
13  state a claim." (Andrews v. King (9th Cir. 2005) 398 F.3d 1113, 1116 n.1
14  [internal quotation marks omitted].)

15       In Andrews v. King, supra, the Ninth Circuit ruled that merely because
16  the plaintiff in that case had suffered **22** prior dismissals, the burden did **not**
17  automatically become his to show whether those dismissals constituted strikes:

18                    Not all unsuccessful cases qualify as a strike under §
                    1915(g). Rather, § 1915(g) should be used to deny a
19                    prisoner's in forma pauperis status **only** when, after
                    **careful** evaluation of the order dismissing an **action,**
20                    and other relevant information, the district court
                    determines that the **action** was dismissed **because** it was
21                    frivolous, malicious, or failed to state a claim.

22  (398 F.3d at 1121 [emphases added]; cf., e.g.,    Thompson v. Drug Enforcement
23  Admin. (D.C. Cir. 2007) 492 F.3d 428, 432-33 [only dismissals dispensing with
24  **entire** actions can be considered strikes; interlocutory dismissals of claims and
25  defendants do **not** count as strikes as long as the **action** itself proceeds
26  thereafter].)

27       To qualify as a "strike" within the meaning of 28 U.S.C. § 1915(g), such
28  as to bar an incarcerated pro se litigant from proceeding in forma pauperis, a

1   case is considered to have been "frivolous" or "malicious" **only** if it was of
2   **little** weight or importance, had **no** basis in law or fact, failed to state a
3   claim under **any** legal theory (even if the plaintiff had erroneously relied upon
4   a **different** theory), or was filed with the intent or desire to harm another.
5   (Andrews at 398 F.3d 1121; see also, e.g., Sands v. Lewis (9th Cir. 1989) 886
6   F.2d 1166, 1172 [pro se complaint should not be dismissed if it states a claim
7   under any legal theory, even if the plaintiff relies on different theory].)

8       Thus, the PLRA appears to be rather particular about which dismissals
9   constitute strikes and which do not. For example, a case dismissed for failure
10  to exhaust administrative remedies does not constitute a strike. (Snider v.
11  Melindez (2d Cir. 1999) 199 F.3d 108, 112, 115; Green v. Young (4th Cir. 2006)
12  454 F.3d 405, 409; Owens v. Isaac (8th Cir. 2007) 487 F.3d 561, 563 (per
13  curiam).) Nor does a case that was dismissed for failure to comply with a court
14  order count as a strike. (Green v. Young, supra.) Other dismissals that are not
15  considered strikes include those based on any ground(s) **other than** "frivolous,
16  malicious, or failure to state a claim," summary judgments, **partial** dismissals -
17  e.g., interlocutory orders throwing out some claims or defendants while letting
18  the remainder of the case proceed (Thompson, supra), those where a plaintiff
19  voluntarily withdraws from a case, and those where it is impossible to tell what
20  the exact basis for dismissing a case actually was. (Center for Constitutional
21  Rights and the National Lawyer's Guild, The Jailhouse Lawyer's Handbook: How to
22  Bring a Federal Lawsuit to Challenge Violations of Your Rights in Prison, page
23  45 (4th ed. 2005).)

24      Accordingly, someone who challenges a plaintiff's in forma pauperis
25  status may **not** "simply rest on the **fact** of [a prior] dismissal," but rather
26  "must produce court records or other documentation" that **clearly** establishes the
27  **basis** for the plaintiff's prior dismissals. (Andrews at 398 F.3d 1120.)

28      Hence, although Plaintiff here has indeed experienced both full and

_3_

1  partial dismissals in some of the past and present civil actions he has brought
2  as a pro se prisoner litigant since 1994, he has never suffered a single
3  "strike" within the meaning of 28 U.S.C. § 1915(g) because not even one of those
4  past dismissals was based on Plaintiff having brought an action that was deemed
5  either frivolous, malicious, or to not state a claim on which relief might have
6  been granted had his pleading ability been that of an experienced attorney.

7  **K'nAPP I (E.D. Cal. No. 03-0394)**

8         The District Court's dismissal of K'nAPP I occurred **not** "on the grounds
9  that it is frivolous, malicious, or fails to state a claim upon which relief may
10 be granted," 28 U.S.C. § 1915(g), but rather **without** prejudice and as a sanction
                                                              merely
11 for Plaintiff's inability at the time as a pro se prisoner litigant to prepare
12 and submit an amended complaint which met certain pleading requirements
13 previously ordered by the assigned Magistrate Judge. (See attached Order of the
14 District Judge, at Attachments pages 001 and 002; cf. Attachments pp. 003 thru
15 007 [at which the findings and recommendations of the Magistrate Judge –
16 particularly up to and at lines 15 and 16 on the second page thereof – reveals
17 that K'nAPP I's dismissal was **solely** because of Plaintiff's alleged failure to
18 comply with an order dated 9/19/03 even though he had conscientiously and
19 diligently tried to do so at least twice in the weeks and months after receiving
20 that order].)

21        Accordingly, Plaintiff asserts that such dismissal of K'nAPP I does not
22 count as a strike toward barring him here from proceeding in forma pauperis.
23 (See, e.g., Green v. Young, supra, 454 F.3d at 409: "Because a dismissal for
24 failure to [comply with a court order] is not listed in § 1915(g), it would be
25 improper for [the court] to read it into the statute.")

26 **K'nAPP II (E.D. Cal. No. 06-0453)**

27        Unlike in K'nAPP I, the District Court did dismiss K'nAPP II "**with**
28 prejudice." (See, Attachments p. 008; but see, pp. 009 thru 013 [where the

1   findings and recommendations of K'nAPP II's assigned Magistrate Judge -
2   particularly just before and at 2007 WL 1411622 *5 thereof - shows that such
3   dismissal occurred largely **because of** Plaintiff's earlier lack of success in
4   being able to prepare and submit a pro se prisoner complaint in K'nAPP I which
5   contained an acceptably "short and plain statement of the claim" such as to
6   comply with the assigned Magistrate Judge's demanded interpretation of Rule
7   8(a)(2) of the Fed. R. Civ. P.].)

8          But similar to K'nAPP I, the District Court's dismissal of K'nAPP II
9   also occurred **not** "on the [§ 1915(g)] grounds that it is frivolous, malicious,
10  or fails to state a claim upon which relief may be granted," but rather because
11  the assigned Magistrate Judge - in screening Plaintiff's complaint in K'nAPP II
12  pursuant to 28 U.S.C. § 1915A - declined to extend to Plaintiff the broad
13  latitude and extreme liberality that prisoners are entitled to expect and
14  receive in pro se civil litigation. (See, e.g., Erickson v. Pardus (2007) 127
15  S.Ct. 2197, 2199; Green v. Dumke (9th Cir. 1973) 480 F.2d 624, 628 & fns. 7 and
16  8; see also, Hughes v. Rowe (1980) 449 U.S. 5, 9; Davis v. Kelly (2d Cir. 1998)
17  160 F.3d 917, 922 [though a court need not act as an advocate for pro se
18  litigants, in pro se cases there is "a greater burden and a correlative greater
19  responsibility upon the district court[s] to insure that constitutional
20  deprivations are redressed and that justice is done" (internal quotation marks
21  omitted)].; cf. Nardi v. Stewart (9th Cir. 2004) 354 F.3d 1134 n.4.)

22         Regardless, however, of the precise grounds on which K'nAPP II was
23  dismissed by the District Court, Plaintiff has appealed that dismissal and the
24  appeal is still pending in the Ninth Circuit Court of Appeals. (See, Attachments
25  pp. 014 and 015.)

26         Accordingly, Plaintiff asserts that the Court here is not as yet fairly
27  able to conclude whether K'nAPP II's dismissal by the other District Court
28  should constitute a strike because "to count strikes before the litigant has an

1    opportunity to appeal the district court's dismissal is to risk 'inadvertently
2    punishing nonculpable conduct.'" (Jennings v. Natrona County Detention Center
3    Medical Facility (10th Cir. 1999) 175 F.3d 775, 779-80, citing and quoting
4    Adepegba v. Hammons (5th Cir. 1996) 103 F.3d 383 [Congress did not enact §
5    1915(g) intending to "freeze out meritorious claims or ossify district court
6    errors"]; see also, e.g., Thompson, supra, at 492 F.3d 432-33 ["Although section
7    1915(g) nowhere expressly states that dismissals must be final to count as
8    strikes, we think it fairly implied[; a] contrary rule would[] ... effectively
9    eliminate our appellate function[ and h]ad Congress intended such an unusual
10   result, we expect it would have clearly said so"]; Campbell v. Davenport Police
11   Dep't (8th cir. 2006) 471 F.3d 952, 953 (per curiam) [three prior dismissals
12   under 28 U.S.C. § 1915A "could not be counted as strikes when the district court
13   cited them ... because [the plaintiff] had not yet exhausted or waived his
14   appeals in those cases"].)

15   **K'nAPP III (9th Cir. No. 07-16156)**

16        In K'nAPP III, Plaintiff had sought to appeal the District Court's
17   **interlocutory** dismissal with prejudice of **only** defendant Steve WHITE from the
18   **presently active** case of K'nAPP v. Hickman, et al. (E.D. Cal.) No. 05-2520.
19   (See, Attachments pp. 016 thru 023.)

20        Subsequently, the Ninth Circuit had to dismiss K'nAPP III because the
21   appellate court lacked jurisdiction at that time to hear Plaintiff's appeal
22   without first receiving either a certification by the District Court pursuant to
23   Rule 54(b) of the Federal Rules of Civil Procedure or a petition by Plaintiff
24   for permission to appeal from the District Court's interlocutory order pursuant
25   to 28 U.S.C. § 1292 and Rule 5 of the Federal Rules of Appellate Procedure.
26   (See, Attachments pp. 024 and 025.)

27        Hence, the Ninth Circuit "[p]rocedurally [t]erminated" K'nAPP III **not**
28   "on the [§ 1915(g)] grounds that it is frivolous, malicious, or fails to state a

1 claim on which relief **may** be granted [i.e., in the future when ripe for
2 appellate review]," but rather merely on the basis of its "[j]urisdictional
3 [d]efect." (See, Attachments p. 026, at "8/24/07".)

4          Accordingly, Plaintiff asserts that the dismissal of K'nAPP III cannot
5 be considered a strike essentially for the same reasons that K'nAPP I and K'nAPP
6 II also do not count as strikes; e.g., dismissals based on any ground(s) **other**
7 **than** "frivolous, malicious, or fails to state a claim on which relief may be
8 granted" do **not** constitute strikes. (See, Thompson v. [DEA], supra, 492 F.3d at
9 432-33; see also, Green v. Young, supra, 454 F.3d at 409 [improper to read
10 **unlisted** ground(s) of dismissal into § 1915(g)]; Jennings v. Natrona, supra, 175
11 F.3d at 779-80 [dismissal not able to be considered strike where plaintiff has
12 neither exhausted nor waived all appellate review thereof]; Adepegba v. Hammons,
13 supra, 103 F.3d 383 [same]; Campbell v. Davenport, supra, 471 F.3d at 953
14 [same].)

15                                  **CONCLUSION**

16          The Court should grant Plaintiff's pending application to proceed in
17 forma pauperis because neither of Plaintiff's three dismissals cited by the
18 Court constitute a strike within the meaning of 28 U.S.C. § 1915(g).

19 DATED: May 14, 2008

20                                          Respectfully submitted,

21

22                                          ERIC CHARLES RODNEY K'nAPP
                                            Plaintiff, In Pro Per
23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

                                    7

# A t t a c h m e n t s

(Response to Court's 5/7/08 Order to Show Cause)

-oOo-

K'nAPP v. Tilton, et al. (N.D. Cal.) CV 08-0719 JSW (PR)

-oOo-

Page(s)  Description

001-002  8/13/04 Order of District Judge (Doc. 42) in E.D. Cal. Case No. 03-0394.

003-007  1/29/04 Findings and Recommendations of Magistrate Judge (Doc. 30) in E.D. Cal. Case No. 03-0394.

   008   6/14/07 Order of District Judge (Slip Copy, 2007 WL 1725674) in E.D. Cal. Case No. 06-0453.

009-013  5/11/07 Findings and Recommendations of Magistrate Judge (Slip Copy, 2007 WL 1411622) in E.D. Cal. Case No. 06-0453.

   014   8/10/07 Cover Page of Appellant's Informal Brief in 9th Cir. Case No. 07-16225.

   015   11/9/07 Docket Summary (PACER) of 9th Cir. Case No. 07-16225.

   016   6/13/07 Order of District Judge (Slip Copy, 2007 WL 1741681) in E.D. Cal. Case No. 05-2520.

017-021  5/8/07 Findings & Recommendations of Magistrate Judge (Slip Copy, 2007 WL 1345688) in E.D. Cal. Case No. 05-2520.

   022   6/25/07 Notice of Appeal by Plaintiff in E.D. Cal. Case No. 05-2520.

   023   6/28/07 Notification by Ninth Circuit of Receiving Notice of Appeal by Plaintiff in 9th Cir. Case No. 07-16156.

024-025  8/24/07 Order and Judgment in 9th Cir. Case No. 07-16156.

   026   11/9/07 Docket Summary (PACER) of 9th Cir. Case No. 07-16156.

**FILED**

AUG 1 ᵟ 2004

U.S. DISTRICT COURT
STERN DISTRICT OF CALIFORN.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY K'NAPP,

      Plaintiff,            No. CIV S-03-0394 DFL PAN P

      vs.

KNOWLES, et al.,

 CLOSED

DATE AUG 1 3

      Defendants.      ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On January 29, 2004, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

42

1



1          Accordingly, IT IS HEREBY ORDERED that:

2          1. The January 29, 2004, findings and recommendations are adopted insofar as

3    they conclude dismissal is the appropriate sanction; and

4          2. This action is dismissed without prejudice for plaintiff's repeated disobedience

5    of an order to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil

6    Procedure.

7    DATED: ___August 12, 2004.

8

9                                    _____
                                     UNITED STATES DISTRICT JUDGE

10   /knap0394.804(a)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

1

2                                        **FILED**

3

4                                        JAN 2 9 2004

5                                CLERK, U.S. DISTRICT COURT
                                 EASTERN DISTRICT OF CALIFORNIA
                                 BY _____
6                                            DEPUTY CLERK

7

8                            United States District Court

9                            Eastern District of California

10

11

12    Eric Charles Rodney K'napp,

13            Plaintiff,               No. Civ. S 03-0394 DFL PAN P

14       vs.                           Findings and Recommendations

15    Knowles, et al.,

16            Defendants.

17                                    -oOo-

18        On September 19, 2003, the court dismissed plaintiff's

19    complaint with leave to amend.  Plaintiff's complaint violated the

20    Federal Rules of Civil Procedure and the court had to guess what

21    plaintiff complained about.  The court told plaintiff in simple

22    terms how to state claims for retaliation and for denial of access

23    to the courts and instructed him to avoid preambles, introductions,

24    argument, speeches, explanations and stories, and to be brief, and

25    explained that the amended complaint had to be complete in itself.

26

                                    *3D*

1    Plaintiff filed an amended complaint, which on December 4,
2  2003, the court dismissed because it did not comply with the
3  instructions in the September 19, 2003, order.  The court gave
4  plaintiff 20 days to file a third amended complaint and informed
5  plaintiff it intended to dismiss his complaint with prejudice for
6  his failure to comply with the September 19, 2003, order.

7    The 20 days have passed and plaintiff has not filed an amended
8  complaint.  Instead, he has filed a request for an order enjoining
9  allegedly retaliatory transfer and two addenda thereto, a letter
10  stating he intended to file a third amended complaint, and a
11  supplement to his November 17, 2003, second amended complaint.
12  The  supplement  contains  three  "alternative"  pleadings  that
13  incorporate by reference the second amended complaint and its
14  separate statement of facts.

15    I find plaintiff has failed to comply with the September 19,
16  2003, order.

17    Local Rule 11-110 warns that a party's failure to comply with
18  the local rules or any order may be grounds for any sanction
19  authorized by statute or local rule or the inherent power of the
20  court.  "The inherent powers of federal courts are those which are
21  necessary to the exercise of all others."  Roadway Express, Inc. v.
22  Piper,  447 U.S. 752, 764 (1980). .  Such powers include the
23  "well-acknowledged inherent power . . . to levy sanctions [such as
24  dismissal]."  See id. at 765.  The court's inherent power to
25  dismiss an action for violation of its orders "cannot seriously be
26  doubted."  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962)

2

1    (condoning *sua sponte* dismissal with prejudice for failure to
2    prosecute).

3         In considering whether dismissal is the appropriate sanction,
4    however, a court must weigh five factors: (1) the public interest
5    in expeditious resolution of litigation; (2) the court's need to
6    manage its docket; (3) the risk of prejudice to the defendants; (4)
7    the public policy favoring disposition of cases on their merits;
8    and (5) the availability of less drastic sanctions." See Malone v.
9    United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987);
10   Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 n.4 (9th Cir.
11   1990) (relying on the Malone factors and stating "that dismissal
12   sanctions under Rule 37 and a court's inherent powers are similar.
13   We, therefore, use cases involving dismissal under Rule 37 and
14   inherent powers interchangeably.").

15        Dismissal is proper when at least four factors support
16   dismissal or where at least three factors "strongly" support
17   dismissal. See Hernandez v. City of El Monte, 138 F.3d 393, 399
18   (9th Cir. 1998).

19        The first two factors, the public interest in expeditious
20   resolution of litigation and the court's need to manage its docket,
21   always weigh in favor of dismissal. See Malone, 833 F.2d at 131.
22   Dismissal is also warranted under the third factor because
23   plaintiff's repeated disobedience of the order to file a plain and
24   concise complaint has caused undue delay, presumptively prejudicing
25   defendants. See Henderson, 779 F.2d at 1423 ("Unreasonable delay
26   creates a presumption of injury to the defense."). Courts often

3

1 | decide that dismissal is improper under the fourth factor, the
2 | public policy favoring disposition of cases on their merits,
3 | because the policy is strong. <u>Dahl v. City of Huntington Beach</u>, 84
4 | F.3d 363, 366 (9th Cir. 1996). In this case, however, plaintiff's
5 | failure to file a complaint that complies with Rule 8 makes it
6 | impossible to reach the merits. <u>See Valley Engineers, Inc., v.</u>
7 | <u>Electrical Engineering</u>, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

8 |        The fifth and last factor requires the court identify and
9 | consider less drastic sanctions, including a warning, fine or
10 | imposition of costs or fees. Warning a plaintiff that failure to
11 | obey an order will result in dismissal suffices the requirement the
12 | court consider the alternatives. <u>See Buss v. Western Airlines,</u>
13 | <u>Inc.</u>, 738 F.2d 1053, 1054 (9th Cir.1984), <u>cert. denied</u>, 469 U.S.
14 | 1192 (1985); <u>Titus v. Mercedes Benz of North America</u>, 695 F.2d 746,
15 | 749 n.6 (3d Cir. 1982). The court has warned plaintiff that
16 | failure to obey its orders may result in dismissal of his action,
17 | and imposing fines or attorney fees would be wholly impracticable
18 | because plaintiff proceeds *pro se* and *in forma pauperis*. Thus, the
19 | only alternatives left untried are infeasible.

20 |        I conclude that each of five relevant factors weigh in favor
21 | of dismissal and, accordingly, I recommend plaintiff's action be
22 | dismissed for repeated disobedience of an order to file an amended
23 | complaint that complies with Rule 8 of the Federal Rules of Civil
24 | Procedure.

25 |        Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
26 | findings and recommendations are submitted to the United States

4

1  District Judge assigned to this case.  Within 20 days after being
2  served with these findings and recommendations, plaintiff may file
3  written objections.  The document should be captioned "Objections
4  to Magistrate Judge's Findings and Recommendations."  The district
5  judge   may   accept,   reject,   or   modify   these   findings   and
6  recommendations in whole or in part.

7        So ordered.

8     Dated: ___JAN 29_____ , 2004

9

10

11                                        _____
                                          Peter A. Nowinski
12                                        Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26  G:\DOCS\NOW\DNOW1\PRISONER\knap0394.dismiss after final warning.wpd

5

Westlaw.

Slip Copy                                                      Page 1

Slip Copy, 2007 WL 1725674 (E.D.Cal.)

**(Cite as: 2007 WL 1725674 (E.D.Cal.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
**Eric** Charles Rodney **K'NAPP,** Plaintiff,
v.
KNOWLES, et al., Defendants.
**No. 2:06-cv-0453-GEB-GGH-P.**

June 14, 2007.
**Eric** Charles Rodney **Knapp,** Soledad, CA, pro se.

*ORDER*

GARLAND E. BURRELL, JR., United States
District Judge.

**\*1** Plaintiff, a state prisoner proceeding pro se, has
filed this civil rights action seeking relief under 42
U.S.C. § 1983. The matter was referred to a United
States Magistrate Judge pursuant to 28 U.S.C. §
636(b)(1)(B) and Local General Order No. 262.

On May 11, 2007, the magistrate judge filed
findings and recommendations herein which were
served on plaintiff and which contained notice to
plaintiff that any objections to the findings and
recommendations were to be filed within twenty
days. Plaintiff has filed objections to the findings
and recommendations.

In accordance with the provisions of 28 U.S.C. §
636(b)(1)(C) and Local Rule 72-304, this court has
conducted a *de novo* review of this case. Having
carefully reviewed the entire file, the court finds the
findings and recommendations to be supported by
the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May

11, 2007, are adopted in full; and

2. The second amended complaint, filed on
December 7, 2006, is dismissed with prejudice, for
plaintiff's repeated failure to comply with
Fed.R.Civ.P. 8, and this case is closed.

Slip Copy, 2007 WL 1725674 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy

Slip Copy, 2007 WL 1411622 (E.D.Cal.)

**(Cite as: 2007 WL 1411622 (E.D.Cal.))**

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
**Eric** Charles Rodney **K'NAPP,** Plaintiff,
v.
KNOWLES, et al., Defendants.
**No. CIV S-06-0453 GEB GGH P.**

May 11, 2007.
Eric Charles Rodney **Knapp,** Soledad, CA, pro se.

*ORDER & FINDINGS AND
RECOMMENDATIONS*

GREGORY   G.   HOLLOWS,   United   States
Magistrate Judge.

*\*1 Plaintiff is a state prisoner proceeding pro se
and in forma pauperis with an action filed pursuant
to 42 U.S.C. § 1983. By order filed June 23, 2006,
plaintiff's complaint was dismissed largely because
it violated Fed.R.Civ.P. 8. Plaintiff was granted
leave to file an amended complaint but was, inter
alia, specifically directed to file an amended
complaint not to exceed 20 pages with up to an
additional 15 pages of exhibits. Plaintiff was
cautioned that failure to file an amended complaint
in strict compliance with those requirements would
result in a recommendation that the action be
dismissed for failure to comply with a court order.
*See, Order,* filed on 6/23/06, p. 11. Nevertheless,
plaintiff filed, on July 13, 2006, an amended
complaint of no less than 50 pages. The court could
simply dismiss this action for plaintiff's failure to
comply with a court order (see Fed.R.Civ.P. 41(b);
E.D. Local Rule 11-110); however, before the
undersigned issued an order with regard to the
patently defective first amended complaint, plaintiff
sought to file a second amended complaint, in an
apparent belated effort to comply with the court's

order. Although plaintiff was granted leave only to
file an initial amended complaint, the court will not
recommend   dismissal   based   on   plaintiff's
non-compliance with a court order in the filing of
the first amended complaint, but will instead strike
the first amended complaint and grant plaintiff
permission to file the second amended complaint,
deemed filed, nunc pro tunc, on December 7, 2006,
and proceed to screen that filing.

As plaintiff has been previously informed, the court
is required to screen complaints brought by
prisoners seeking relief against a governmental
entity or officer or employee of a governmental
entity. 28 U.S.C. § 1915A(a). The court must
dismiss a complaint or portion thereof if the
prisoner has raised claims that are legally "frivolous
or malicious," that fail to state a claim upon which
relief may be granted, or that seek monetary relief
from a defendant who is immune from such relief.
28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an
arguable basis either in law or in fact. *Neitzke v.
Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104
L.Ed.2d 338 (1989); *Franklin v. Murphy,* 745 F.2d
1221, 1227-28 (9th Cir.1984). The court may,
therefore, dismiss a claim as frivolous where it is
based on an indisputably meritless legal theory or
where the factual contentions are clearly baseless.
*Neitzke,* 490 U.S. at 327. The critical inquiry is
whether a constitutional claim, however inartfully
pleaded, has an arguable legal and factual basis. *See
Jackson v. Arizona,* 885 F.2d 639, 640 (9th
Cir.1989); *Franklin,* 745 F.2d at 1227.

A complaint, or portion thereof, should only be
dismissed for failure to state a claim upon which
relief may be granted if it appears beyond doubt that
plaintiff can prove no set of facts in support of the
claim or claims that would entitle him to relief. *See
Hishon v. King & Spalding,* 467 U.S. 69, 73, 104
S.Ct. 2229, 81 L.Ed.2d 59 (1984), citing *Conley v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 1411622 (E.D.Cal.)

**(Cite as: 2007 WL 1411622 (E.D.Cal.))**

*Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n,* 651 F.2d 1289, 1294 (9th Cir.1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

*2 Although plaintiff has crammed his disparate and wide-ranging allegations onto 18 pages, he persists in naming more than 60 defendants, listing dozens of names as responsible for various misdeeds, which are set forth in a largely conclusory fashion, without a sufficient factual predicate. Plaintiff once again unnecessarily sets forth his problems since the inception of the entire period of his incarceration since 1994. He sets forth allegations only to inform the court that the referenced allegations are at issue in another complaint, not the instant one. It remains unclear, therefore, whether plaintiff herein has previously brought some of the same allegations against the same defendants in a prior action, which would render them duplicative.

Plaintiff continues to seek to bring this action as a class action, notwithstanding that he was informed in the prior order that, as a non-lawyer proceeding without counsel, it is well established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States,* 366 F.2d 286 (9th Cir.1966). *See Order,* filed on 6/23/06, p. 5. Plaintiff was informed that this rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf,* 420 F.Supp. 779 (D.D.C.1976). Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney

for others than himself." *McShane v. U.S.,* 366 F.2d 286, 288 (9th Cir.1966), citing *Russell v. United States,* 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien,* 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). Plaintiff was also told that he could bring this action only on his own behalf and that it would be construed only as an individual civil suit brought by plaintiff.

Notwithstanding, plaintiff persists in attempting to bring allegations on behalf of "his associates" or on behalf of his mother, even though he was informed that he lacks standing to bring claims on behalf of third parties. *Halet v. Wend Inv. Co.,* 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties), citing *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 80, 98 S.Ct. 2620, 2634, 57 L.Ed.2d 595 (1978); *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1974).

Plaintiff complains about a vast litany of discomforts and inconveniences: visiting rooms being cold and uncomfortable; his mother not having received reimbursement when she used a prison vending machine and got spoiled food; his mother being told she could not greet another inmate's mother in the visiting room; his being "capriciously harassed" about a gold ring his fiancee had given him; all without providing an adequate factual predicate, and without demonstrating that any of these actions, that is, those for which he might have standing, constitute a constitutional deprivation. SAC, pp. 9, 12-14.

*3 An example of a claim that appears to be patently frivolous:
On 2/7/04, Alameida, Cate, Chastain, Des Voignes, Fallon, Grannis, Gray, Hall, Hickman, Hill, Hurdle, Kimbrell, Knowles, Manuel, Martel, Mitchell, Moreno, Peters, Presley, Rimmer, Stratton, Till, Vasconcellos, Waslielewski, White & Woodford jointly caused Till to violate CDCR regulations by unlawfully refusing to provide plaintiff and plaintiff's fiancee with a pencil and sheet of notebook paper and then interrupting the privacy of their visit for no legitimate or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 3

Slip Copy, 2007 WL 1411622 (E.D.Cal.)

**(Cite as: 2007 WL 1411622 (E.D.Cal.))**

otherwise permitted reason.
SAC, p. 14. It is fruitless and counter-productive
to attempt to implicate wholly unrelated individuals
in conduct apparently engaged in by one individual,
particularly conduct, which, on the face of it, does
not rise to the level of a constitutional deprivation.
He continually seeks to implicate individuals for
conduct wholly unrelated to them, as he was
cautioned not to do.

> His allegations stretch as far back to include as a
> defendant, Steve White, the Sacramento County
> District Attorney who "supervised plaintiff's
> illegal prosecution from 11/92 to 11/94." *Id.,* p. 8.
> Another defendant he names, among the litany of
> parties, is a former state senator, John
> Vasconcellos, who was a vice-chairman of the
> Senate Public Safety Committee overseeing
> California's prison system. *Id.*

*See Order,* filed on 6/23/06, pp. 5-6.

Plaintiff has not sought to rectify that level of
defect herein. Plaintiff also continues to seek to
implicate large numbers of defendants for their
allegedly retaliatory conduct or for the manner in
which his grievances were processed. He claims to
have been subjected to false disciplinary charges
and falsified records, without specifying any of the
relevant circumstances or often without stating
which defendant was responsible for which action.

Despite the largely superfluous history of his
incarceration and litigation that he provides,
plaintiff states that the conduct which he seeks to
implicate herein arose during the period "from
4/29/03 to 2/20/04" while plaintiff was incarcerated
at California State Prison--Sacramento (CSP-SAC).
Second Amended Complaint (SAC), p. 4.
Evidently, it is plaintiff's aim to set forth each and
every perceived inconvenience to which he or
anyone he knows was subjected during that period.

Plaintiff sets forth the following:
> Upon plaintiff's arrival at SAC on 4/29/03, he, his
> activist mother, and their respective associates
> both in and out of prison lawfully continued
> exercising protected rights under the U.S.
> Constitution's 1st Amendment by speaking freely,
> peaceably associating and assembling, and

accessing available press, media, government
officials, and courts to report, seek redress of, and
otherwise publicly expose and denounce
injustice, oppression, neglect, and other related
abuse of CDCR prisoners, particularly of plaintiff
at SAC.
In direct relation to the above protected exercise
by plaintiff, his activist mother, and their
respective associates both in and out of prison,
defendants caused and/or allowed (hereafter only
"caused" shall be used inclusive of "allowed"
where applicable) plaintiff and the associates of
plaintiff and his mother both in and out of prison
to suffer a continuous campaign of retaliatory
oppression which did not advance legitimate
constitutionally protected rights by subjecting
plaintiff to intentional harms such as mental
anguish, emotional distress, and physical injury
(e.g., when crushed ampules of liquid ammonia
were shoved deep into his nose and left there for
several minutes as he lack comatose in shackles 2
days before suffering retaliatory transfer 400
miles away in deliberate indifference of [sic] his
known mental condition and prescribed treatment
and therapy needs less than 10 months after
arriving at SAC).

*4 SAC, p. 6.

The allegation with regard to having ammonia
ampules thrust into his nostrils comes closest to
setting forth a colorable claim, at least with regard
to himself (clearly plaintiff has no standing with
regard to purported generalized allegations made on
behalf of "associates" or his mother). However,
when it comes to naming the responsible defendants
or setting forth the relevant circumstances, plaintiff
states the following:
> On 2/18/04, Alameida, Campbell, Cate, Chastain,
> Doe-1, Fallon, Grannis, Gray, Greer, Hickman,
> Hurdle, Kanan, Kearns, Kimbrell, Knowles,
> Mejia, Mitchell, O'Brian, Ortiz, Presley, Rimmer,
> Stratton, Tennison, Vasconcellos, Wasielewski,
> White & Woodford jointly caused plaintiff to
> suffer another severe episode of stress-induced
> dissociative unconsciousness (see above, Count
> 4c), and then Baughman, Doe-2, Doe-3, & Martel
> to get away with jointly causing plaintiff while
> thus essentially comatose to be illegally shackled

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                         Page 4

Slip Copy, 2007 WL 1411622 (E.D.Cal.)

**(Cite as: 2007 WL 1411622 (E.D.Cal.))**

in mechanical restrains and then have crushed ampules of liquid ammonia shoved deep into both his nostrils and left there for several minutes.
SAC, p. 14.

The cross-referenced Count 4c states only: "On 1/8/04, plaintiff suffered a severe episode of stress-induced disassociation which Tennison refused to let be documented by responding staff even though he himself had been so concerned upon observing plaintiff's condition that he immediately summoned a mental-health doctor." SAC, p. 13. In general, plaintiff simply does not set forth the circumstances of his allegations with sufficient specificity or adequately link the allegations to specific defendants by describing their individual conduct in any alleged constitutional deprivation.

He claims to have been deprived of "legal copies," to have had his confidential legal materials read by certain defendants while he was out of his cell, to have been verbally harassed, to have been subjected to a fear of losing his single-cell status, although that apparently did not occur.

As in the original complaint, plaintiff's allegations continue to violate Rule 8. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.1990) . Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991)). *Accord Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure

to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b). Rule 8; *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir.1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry* 84 F.3d at 1179.

*5 The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." *McHenry,* 84 F.3d at 1179-80. As in its prior order, the court takes judicial notice that, of three prior federal cases which he identifies as having previously been brought in this court at the outset of the instant second amended complaint, in two of them plaintiff's complaints have been dismissed for having violated Fed.R.Civ.P. 8. (Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd,* 645 F.2d 699 (9th Cir.), *cert. denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981)). In Case No. 03-0394 DFL PAN, plaintiff's action was dismissed "for plaintiff's repeated disobedience of an order to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure ." *See Order,* filed on 8/13/04, p. 2. In Case No. 05-2520, plaintiff's original complaint was dismissed, with leave to amend, "[b]ecause plaintiff has failed to comply with the requirements of Fed.R.Civ.P. 8(a)(2)...." *See Order,* filed on 2/27/06, p. 3. His amended complaint in that action was subsequently dismissed, with leave to file a second amended complaint, at least in part for his failure, once again, to provide "a short and plain statement of [his] claim" in compliance with Fed.R.Civ.P. 8. *See Order,* filed on 5/26/06, p. 3. Although that action now appears to be proceeding against a rather remarkable number of defendants--71-- (at least to the point of being served), in the instant action, the court simply does

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                    Page 5

Slip Copy, 2007 WL 1411622 (E.D.Cal.)

**(Cite as: 2007 WL 1411622 (E.D.Cal.))**

not find that further leave to amend will result in colorable allegations.

As noted previously, "some of plaintiff's claims in his long and rambling series of disjointed allegations may be cognizable under 42 U.S.C. § 1983, but it is not the function of this court to attempt to · ferret them out from a complaint so plainly violative of Rule 8 of the Federal Rules of Civil Procedure on its face." *See Order,* filed on 6/23/06, p. 8. Plaintiff has previously been informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003), citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988). He has been informed as to what must be set forth to state a claim of retaliation or a claim of conspiracy. He has been informed that verbal harassment alone is insufficient to state a claim of retaliation. *See Order,* filed on 6/23/06, pp. 8-9. These standards will not be repeated herein.

Plaintiff has had three opportunities to file colorable allegations and has not adequately availed himself of that opportunity. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 799 (9th Cir.2001) , quoting *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999). At this point, the court believes that granting further leave to amend would be futile.

*6 Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed on July 13, 2006, is stricken;

2. Plaintiff is granted leave to file a second amended complaint, deemed filed, nunc pro tunc, on December 7, 2006;

IT IS RECOMMENDED that the second amended complaint, filed on December 7, 2006, be dismissed with prejudice, for plaintiff's repeated failure to comply with Fed.R.Civ.P. 8, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

Slip Copy, 2007 WL 1411622 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

 **F I L E D**

AUG 1 0 2007

**CATHY A. CATTERSON, CLERK**
**U.S. COURT OF APPEALS**

ERIC CHARLES RODNEY K'nAPP                    CASE NO.
Appellant/Petitioner

vs.                                           **07-16225**

                                              (D.C. No. CV-06-00453-GEB/GGH)
MIKE KNOWLES, et al.
Appellee/Respondent

## APPELLANT'S INFORMAL BRIEF

1.    Jurisdiction

      a.    Timeliness of Appeal or Petition:

            (I)    Date of entry of judgment or order
                   of lower court:              June 14, 2007

            (ii)   Date of service of any motion made after judgment
                   (other than for fees and costs):     Not Applicable

            (iii)  Date of entry of order deciding motion    Not Applicable

            (iv)   Date notice of appeal filed     July 2, 2007

            (v)    For prisoners, date you gave notice of appeal
                   to prison authorities     June 21, 2007

      b.    IF POSSIBLE, PLEASE ATTACH ONE COPY OF EACH OF THE
            FOLLOWING:

                   1.    The order from which you are appealing
                   2.    The district court's entry of judgment
                   3.    The district court docket sheet

Search for Case | View-Print Full Docket    Help

If you view the full docket online, you will be charged for 5 Pages   $ 0.40

## US Court of Appeals for the Ninth Circuit
## Case Summary

Court of Appeals Docket #: 07-16225                    Filed: 7/9/07
Nsuit: 3550 Prisoner civil rights (Fed)
K'napp v. Knowles, et al
Appeal from: Eastern District of California (Sacramento)

Lower court information:
    District: 0972-2 : CV-06-00453-GEB/GGH
    presiding judge: Garland E. Burrell, Chief District Judge

7/9/07      DOCKETED CAUSE AND ENTERED APPEARANCE OF PROSE APLT (NO
            APPEARANCE BY APLES)  setting schedule as follows:
            appellant's opening brief is due 8/20/07; [07-16225] (gar)

7/9/07      Filed certificate of record on appeal  RT filed in DC TR
            n.s. [07-16225] (gar)

7/18/07     Sent Notice of Referral to district court.  [07-16225] (co)

8/10/07     Filed original and 7 copies Appellant Eric Charles Rodney
            K'napp opening brief ( Informal: Y) 13 pages and five
            excerpts of record in 1volumes; served on 8/8/07
            [07-16225] (gar)

8/10/07     No appellee's brief will be filed in this case. Case ready
            for inventory. [07-16225] record on appeal due 8/17/07; (gar)

8/23/07     CLERK ORDER FILED (Deputy Clerk: jac PROSE) Prisoner fee
            authorization sent to prisoner.  [07-16225] 9/13/07 for
            Eric Charles Rodney K'napp (gar)

8/29/07     Rec'd PLRA authorization response from appellant. granting
            permission for funding under the Prisoner Litigation Reform
            Act.  ( Date: 8/27/07) PROSE  [07-16225] (gar)

9/4/07      CLERK ORDER FILED (Deputy Clerk: jac PROSE) Prisoner fee
            authorization order sent to Atty Gen Calif.  [07-16225] (gar)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 11/09/2007 02:02:20 | | |
| PACER Login: | bb3596 | Client Code: | |
| Description: | dkt summary | Case Number: | 07-16225 |
| Billable Pages: | 1 | Cost: | 0.08 |

Westlaw.

Slip Copy

Slip Copy, 2007 WL 1741681 (E.D.Cal.)

(Cite as: 2007 WL 1741681 (E.D.Cal.))

Page 1

**H**

Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Eric Charles Rodney **K'NAPP,** Plaintiff,
v.
R.Q. HICKMAN, et al., Defendants.
**No. CIV S-05-2520 FCD CMK P.**

June 13, 2007.
Eric Charles Rodney **Knapp,** Soledad, CA, pro se.

Jaime Michelle Ganson, Attorney General,
Sacramento, CA, for Defendants.

*ORDER*

FRANK C. DAMRELL, JR., United States District
Judge.

*1 Plaintiff, a state prisoner proceeding pro se, has
filed this civil rights action seeking relief under 42
U.S.C. § 1983. The matter was referred to a United
States Magistrate Judge pursuant to 28 U.S.C. §
636(b)(1)(B) and Local General Order No. 262.

On May 8, 2007, the magistrate judge filed
findings and recommendations herein which were
served on all parties and which contained notice to
all parties that any objections to the findings and
recommendations were to be filed within twenty
days. Plaintiff has filed objections to the findings
and recommendations.

In accordance with the provisions of 28 U.S.C. §
636(b)(1)(C) and Local Rule 72-304, this court has
conducted a *de novo* review of this case. Having
carefully reviewed the entire file, the court finds the
findings and recommendations to be supported by
the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 8,
2007, (doc.80) are adopted in full;

2. Defendant White's March 13, 2007 motion to
dismiss (doc. 56) is granted; and

3. Plaintiff's action is dismissed with prejudice as
to defendant White only because it is barred by the
statute of limitations and because plaintiff fails to
link defendant White to the alleged constitutional
violations complained of in his complaint.

Slip Copy, 2007 WL 1741681 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                    Page 1

Slip Copy, 2007 WL 1345688 (E.D.Cal.)

(Cite as: 2007 WL 1345688 (E.D.Cal.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Eric Charles Rodney K'NAPP, Plaintiff,
v.
R.Q. HICKMAN, et al., Defendants.
No. CIV S-05-2520 FCD CMK P.

May 8, 2007.
Eric Charles Rodney K'Napp, Soledad, CA, pro se.

Jaime Michelle Ganson, Attorney General, Barbara
Louise Sheldon, California Office of the Inspector
General, Sacramento, CA, for Defendants.

*FINDINGS & RECOMMENDATIONS*

CRAIG M. KELLISON, United States Magistrate
Judge.

*1 Plaintiff is a state prisoner proceeding without
counsel and in forma pauperis in this civil rights
action against various correction personnel at the
California Department of Corrections and
Rehabilitation (CDCR) as well as other elected and
appointed state officials, including defendant Steve
White. [FN1] This matter is before the undersigned
pursuant to 28 U.S.C. § 636(b)(1)(B) and Local
Rule 72-302(b)(21) on defendant Steve White's
motion to dismiss. Fed. R. Civ. P 12(b).

　　　FN1. Steve White was formerly the
　　　Inspector General. He is currently a
　　　Superior Court Judge in Sacramento
　　　County Superior Court.

I. *Background*

Plaintiff brings this civil rights action against
various CDCR employees and elected and

appointed officials, including former Inspector
General Steve White. Plaintiff originally filed this
action in December 2005, and this action is
proceeding on his third amended complaint, filed on
December 1, 2006. Plaintiff alleges that for a three
year period, from September 2000 through
September 2003, he suffered retaliatory abuse and
violation of other rights secured under the First,
Fourth, Eighth, and Fourteenth Amendments of the
United States Constitution as well as the Americans
with Disabilities Act, the Rehabilitation Act and the
Privacy Act. Plaintiff alleges twelve claims in his
complaint, ten of which are against defendant White.

Plaintiff claims that he was retaliated against
because he caused information to be publicized on
the internet of his mother's organization UNION
(United for Injustice, Oppression, and Neglect).
Plaintiff does not allege that defendant White took
any action directly against plaintiff, but instead
makes general allegations that defendant White
caused others to take action against plaintiff.

In Claim 2, plaintiff alleges that, in August and
September of 2002, defendant White, along with
various prison personnel and a California Senator
and his aide, allegedly retaliated against plaintiff by
causing the viewing of his private body parts during
an unclothed body search while plaintiff was
confined in Administrative Segregation in a narrow
cage. He alleges that defendant White and other
defendants retaliated against him by conducting an
unlawful, untimely, informal and dishonest
investigation of plaintiff due to a complaint by
plaintiff's fiancee against Officer Kaiser for
terminating plaintiff's visit with his fiancee due to
misconduct.

In Claim 4, plaintiff alleges that, in July of 2001,
defendant White, along with other defendants,
retaliated against plaintiff by causing him to be
harassed, intimidated, and deprived from
performing his duties as Men's Advisory Committee

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                Page 2

Slip Copy, 2007 WL 1345688 (E.D.Cal.)

**(Cite as: 2007 WL 1345688 (E.D.Cal.))**

(MAC) vice-president by various acts, none of which were alleged to have been performed by defendant White.

In Claim 5, plaintiff alleges that, in September of 2001, defendant White, along with other defendants, allegedly retaliated against plaintiff by causing him to be illegally confined in Ad-Seg, subjecting him to an unclothed body search, putting a "perjured" document in his file, and caused review of his Ad-Seg placement to be "unlawfully impeded and conducted...." (Third Am. Compl. (doc. 39) at 9:5a-10:5d.)

**\*2** In Claim 6, plaintiff alleges that defendant White, along with other defendants, retaliated against plaintiff by causing him to not seek election in a vacant MAC position, ordering an election for a position that plaintiff claims he held, and, in 2002, manipulated plaintiff into withdrawing his grievance presumably related to the MAC election.

In Claim 7, plaintiff alleges that, in October of 2001, defendant White, along with other defendants, retaliated against plaintiff by causing information posted by plaintiff on a bulletin board for prisoners to be confiscated.

In Claim 8, plaintiff alleges that, in May 2002, defendant White, along with other defendants, retaliated against him for stating that an investigation should be conducted into Warden Mike Knowles's policies and for filing a lawsuit against prison personnel. The retaliation consisted of plaintiff being asked for his prison identification, being placed in a cage, and being made to eat his dinner standing up; plaintiff also alleges that he was placed in restraints, falsely written up, coerced to withdraw a grievance, terrorized by another inmate for writing a story about the other inmate, and subjected to false disciplinary action.

In Claim 9, plaintiff alleges, that, in January 2003, defendant White, along with various other defendants retaliated against him by causing other prisoners to contaminate food intended for plaintiff and his prisoner associates, causing plaintiff to be disciplined for alerting other inmates of the contamination and causing plaintiff to be confined to Ad-Seg to prevent him from alerting other prisoners.

In Claim 10, plaintiff alleges that, in January through May 2003, defendant White, along with various other defendants retaliated against him by causing a correctional officer to prevent plaintiff from posting a notice on the prisoner bulletin board, preventing him from being hired as a paid clerk, subjecting him to cell searches, confining him to Ad-Seg, subjecting him to unclothed body searches, involuntarily giving him drugs, psychologically tormenting him, filing against him false disciplinary actions, causing him to suffer withdraw pains, illegally confiscating his letters, and denying him access to his legal materials.

In claim 11, plaintiff alleges that, from January through April 2003, defendant White, along with other defendants, retaliated against plaintiff by causing his personal mail to be withheld and censored and his legal and confidential mail to be opened and read.

In claim 12, plaintiff alleges that, from July through September 2003, defendant White, along with other defendants retaliated against him by causing plaintiff to be disciplined for expressing himself and to cause him to receive legal mail that had been opened and read outside plaintiff's prison and forwarded to a wrong prison such that it was delayed in getting to plaintiff.

Plaintiff seeks monetary, declaratory, and injunctive relief. Other than the monetary relief sought against all defendants, the only request for relief affecting defendant White is in Section 5, subsection "g" of the "Request for Relief" portion of plaintiff's complaint. (Doc. 39 at *20.) Specifically, plaintiff states that the Office of the Inspector General is "imbued with ability [sic] to more directly take swift and appropriate action in correcting problems and holding CDC employees accountable when law rights violations are committed against prisoner's and/or their associates." (*Id.*)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 1345688 (E.D.Cal.)

**(Cite as: 2007 WL 1345688 (E.D.Cal.))**

Page 3

II. *Standard of Review*

**\*3** A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n,* 651 F.2d 1289, 1294 (9th Cir.1981). In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff. *See Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *see also Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett,* 137 F.3d 616, 622 (9th Cir.1998); *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, *see Branch,* 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, *see Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001); and (3) documents and materials of which the court may take judicial notice, *see Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir.1994), except prison regulations, *see Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir.1996).

Finally, leave to amend a deficient complaint must

be granted "... [u]nless it is absolutely clear that no amendment can cure the defects." *See Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995) (per curiam); *see also Lopez v. Smith,* 203 F.3d 1122, 1126 (9th Cir.2000) (en banc).

III. *Discussion*

Defendant White argues that plaintiff's complaint should be dismissed because it is barred by the statute of limitations. Additionally, defendant White contends that plaintiff's claims must fail because (1) defendant White is not a person for purposes of § 1983 and; (2) plaintiff has failed to identify any constitutional deprivation for which defendant White is responsible.

A. *Statute of Limitations*

There is no statute of limitations in 42 U.S.C. § 1983. Because § 1983 actions are best characterized as actions for injuries to personal rights, federal courts should borrow the state statute of limitations that applies to personal injury actions to determine if a § 1983 action is timely. *See Wilson v. Garcia,* 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

**\*4** Prior to January 1, 2003, California law provided a one year statute of limitations for personal injury claim. *See* Former California Code of Civil Procedure § 340(c). After January 1, 2003, California law provides a two year statute of limitations for personal injury actions. *See* California Code of Civil Procedure § 335.1). Accordingly, plaintiff's claims arising prior to January 1, 2003 are governed by a one-year limitations period; while his claims arising after January 1, 2003 are governed by a two-year limitations period.

Plaintiff originally filed his complaint with this court on December 12, 2005. That complaint was dismissed with leave to amend. Plaintiff did not submit a complaint suitable for service upon defendants until he filed his third amended complaint on December 1, 2006. Thus, there was no operative complaint pending and defendants did not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 4

Slip Copy, 2007 WL 1345688 (E.D.Cal.)

**(Cite as: 2007 WL 1345688 (E.D.Cal.))**

receive notice of plaintiff's § 1983 claims against
them until plaintiff filed his third amended
complaint on December 1, 2006.

Plaintiff's claims occurring before January 1, 2003
(claims 2, 4, 5, 6, 7, and 8) are subject to the
one-year limitations period and should have been
filed at the latest by January 1, 2004; however,
plaintiff's complaint was filed December 1, 2006.
Accordingly, the court finds that these claims are
untimely and must be dismissed.

Plaintiff's claims occurring after January 1, 2003
(claims 9,10,11, and 12) are subject to the two-year
limitations period and should have been filed at the
latest by September 15, 2005; however, plaintiff's
compliant was filed December 1, 2006. [FN2]
Accordingly, the court finds that these claims are
untimely and must be dismissed.

> FN2. Even if the court were to assume that
> the December 12, 2005 date that this
> action was originally filed was the
> appropriate date from which to calculate
> the statute of limitations, plaintiff's claims
> would still be untimely as they were due by
> January 1, 2004 or September 15, 2005
> respectively.

B. *Linking Defendant White to the Alleged
Constitutional Deprivations*

Even assuming *arguendo* that plaintiff's complaint
is not barred by the statute of limitations, his claims
against defendant White would still fail. To state a
claim cognizable in a civil rights action, a plaintiff
must connect the named defendants clearly with the
claimed denial of his rights. *Farmer v. Brennan,*
511 U.S. 825, 837, 843, 114 S.Ct. 1970, 128
L.Ed.2d 811 (1994) (official's liability for deliberate
indifference to assault requires that official know of
and disregard an "excessive risk"); *Taylor v. List,*
880 F.2d 1040, 1045 (9th Cir.1989) ("liability
under section 1983 arises only upon a showing of
personal participation by the defendant (citation
omitted) ... [t]here is no respondeat superior
liability under section 1983."); *Johnson v. Duffy,*
588 F.3d 740, 743-44 (9th Cir.1978) (discussing

"requisite causal connection" in section 1983 cases
between named defendants and claimed injuries);
*Barren v. Harrington,* 152 F.3d 1193, 1194-95 (9th
Cir.1998), *cert. denied,* 525 U.S. 1154, 119 S.Ct.
1058, 143 L.Ed.2d 63 (1999) ("A plaintiff must
allege facts, not simply conclusions, that show that
an individual was personally involved in the
deprivation of his civil rights.").

Here, plaintiff has alleged no facts that show that
defendant White actually participated in the alleged
violation of plaintiff's constitutional rights. *See
McHenry v. Renne,* 84 F.3d 1172, 1179-80 (9th
Cir.1996). Plaintiff has not shown that defendant
White had the ability in either his personal or
official capacity to prevent CDCR officials from
alleging the conduct which allegedly violated
plaintiff's rights. Accordingly, this action should be
dismissed against defendant White because plaintiff
fails to link defendant White to the alleged
constitutional violations.

IV. *Conclusion*

*5 Based on the foregoing, the undersigned
recommends that:

1. Defendant White's motion to dismiss be granted.

2. Plaintiff's action be dismissed with prejudice **as
to defendant White only** because it is barred by
the statute of limitations and because plaintiff fails
to link defendant White to the alleged constitutional
violations complained of in his complaint.

These findings and recommendations are submitted
to the United States District Judge assigned to the
case, pursuant to the provisions of Title 28 U.S.C. §
636(b)(l). Within twenty days after being served
with these findings and recommendations, any party
may file written objections with the court and serve
a copy on all parties. Such a document should be
captioned "Objections to Magistrate Judge's
Findings and Recommendations." Any reply to the
objections shall be served and filed within ten days
after service of the objections. The parties are
advised that failure to file objections within the
specified time may waive the right to appeal the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 5

Slip Copy, 2007 WL 1345688 (E.D.Cal.)

**(Cite as: 2007 WL 1345688 (E.D.Cal.))**

District Court's order. *Martinez v. Ylst,* 951 F.2d
1153 (9th Cir.1991).

Slip Copy, 2007 WL 1345688 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1  Eric C.R. K'nAPP (#J10618)

2  Salinas Valley State Prison

   Post Office Box 1050

3  Soledad, California 93960

4

5  In Propria Persona

6

7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
9                         Sacramento Division

10

11  **ERIC CHARLES RODNEY K'nAPP,**              No.:  2:05-cv-2520-FCD-CMK-PC

12  Plaintiff,

13  v.

14  R.Q. HICKMAN, et al.,                        **NOTICE OF APPEAL.**

15  Defendants.

16

17      **TO:** THE CLERK OF THE UNITED STATES DISTRICT COURT.

18      Notice is hereby given that Eric C.R. K'nAPP, Plaintiff in the case

19  captioned above, hereby appeals to the United States Court of Appeals for the

20  Ninth Circuit from an order signed by Judge Frank C. Damrell Jr. on 6/12/07

21  (**Doc. #97**) granting Defendant Steve WHITE's motion to dismiss (**Doc. #56**).

22  DATED: June 15, 2007

23                                      Respectfully submitted,

24

25

26                                      ERIC CHARLES RODNEY K'nAPP

                                        Plaintiff, In Pro Per
27

28

ORIGINAL
FILED

JUN 2 5 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939



Cathy A. Catterson
Clerk of Court

(415) 355-8000

June 28, 2007

U.S. Court of Appeals Docket Number:   07-16156
Lower Court Docket No.:                        CV-05-02520-FCD/CMK
Short Title:                                            Knapp v. White

*Received 7/2/07 E. Up*

Dear Counsel:

A copy of your notice of appeal/petition has been received in the Clerk's office of
the United States Court of Appeals for the Ninth Circuit.

The U.S. Court of Appeals docket number shown above has been assigned to this
case. You must indicate this Court of Appeals docket number whenever you
communicate with this court regarding this case. Please furnish this docket
number immediately to the court reporter if you place an order, or have placed an
order, for portions of the trial transcripts. The court reporter will need this docket
number when communicating with this court.

**The due dates for designating and filing the reporter's transcript, if
applicable, filing the parties' briefs and otherwise perfecting the appeal have
been set by the enclosed "Time Schedule Order," pursuant to applicable
FRAP rules. These dates can be extended only by court order. Failure of the
appellant to comply with the time schedule order will result in automatic
dismissal of the appeal.**

The following information is being provided in an attempt to answer the most
frequently asked questions regarding the appellate process. Please review this
information very carefully. For convenience, we use the term "Circuit Rules"
instead of "Rules of the United States Court of Appeals for the Ninth Circuit" and
"FRAP" instead of "Federal Rules of Appellate Procedure."

Enclosed with this letter is an appellate processing schedule along with a case
processing checklist to help you monitor the progress of your case.

**Appellants/Petitioners who are filing pro se should refer to the accompanying
information sheet regarding the filing of informal briefs.**

**FILED**

UNITED STATES COURT OF APPEALS

**AUG 24 2007**

FOR THE NINTH CIRCUIT

**CATHY A. CATTERSON, CLERK**
**U.S. COURT OF APPEALS**

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | No. 07-16156 |
| Plaintiff - Appellant, | D.C. No. CV-05-2520-FCD/CMK |
| v. | Eastern District of California, Sacramento |
| STEVE WHITE, Inspector General, | |
| Defendant - Appellee, | ORDER |
| and | |
| RODERICK HICKMAN; et al., | |
| Defendants. | |

Before: RYMER, M. SMITH, and N.R. SMITH, Circuit Judges.

A review of the record demonstrates that this court lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable. *See* Fed. R. Civ. P. 54(b); *Chacon v. Babcock*, 640 F.2d 221 (9th Cir. 1981) (order is not appealable unless it disposes of all claims as to all parties or judgment is entered in compliance with rule). Consequently, this appeal is dismissed for lack of jurisdiction.

PROSE

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>Plaintiff - Appellant,<br><br>V.<br><br>STEVE WHITE, Inspector General,<br><br>Defendant - Appellee,<br><br>And<br><br>RODERICK HICKMAN; et al.,<br><br>Defendants. | No. 07-16156<br>D.C. No. CV-05-02520-<br>FCD/CMK<br><br><br>**JUDGMENT** |



Received
9/20/07
E. VN

Appeal from the United States District Court for the Eastern District of California (Sacramento).

On consideration whereof, it is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is **DISMISSED for lack of jurisdiction**.

Filed and entered 08/24/07



If you view the full docket online, you will be charged for 5 Pages    $ 0.40

## US Court of Appeals for the Ninth Circuit
## Case Summary

Court of Appeals Docket #: 07-16156                    Filed: 6/28/07
Nsuit: 3550  Prisoner civil rights (Fed)
Knapp v. White, et al
Appeal from: Eastern District of California (Sacramento)

Lower court information:
    District: 0972-2 : CV-05-02520-FCD/CMK
    presiding judge: Frank C. Damrell, Jr., District Judge

6/28/07          DOCKETED CAUSE AND ENTERED APPEARANCE OF APPELLANT IN PRO
                 PER AND COUNSEL FOR APPELLEE. CADS SENT (Y/N): No. setting
                 schedule as follows: appellant's opening brief is due
                 8/8/07; appellees' brief is due 9/7/07; appellants' reply
                 brief is due 9/21/07. [07-16156] (ru)

7/10/07          Filed original and 7 copies Appellant Eric Charles Rodney
                 Knapp opening brief  ( Informal: YES) 9 pages and five
                 excerpts of record in 1volumes; served on 7/9/07
                 [07-16156] (mhf)

8/24/07          Order filed: ... (order is not appealable unless it
                 disposes of all claims as to all parties or judgment is
                 entered in compliance with rule). Consequently, this appeal
                 is dismissed for lack of jurisdiction. (Procedurally
                 Terminated After Other Judicial Action; Jurisdictional
                 Defects. A. RYMER, Milan D. SMITH, N. R. SMITH)
                 [07-16156] (gva)

9/17/07          MANDATE ISSUED [07-16156] (mhf)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 11/09/2007 02:33:40 | | |
| PACER Login: | bb3596 | Client Code: | |
| Description: | dkt summary | Case Number: | 07-16156 |
| Billable Pages: | 1 | Cost: | 0.08 |

DECLARED PROOF OF FILING AND/OR SERVICE BY UNITED STATES MAIL

Case Name: **K'nAPP v. Tilton, et al.**; Case No.: **CV 08-0719 JSW (PR)**

I, Eric K'nAPP, Plaintiff in the above action, declare under penalty of perjury that by doing the following in accordance with the Prison Mailbox Rule I filed and/or served the accompanying:

RESPONSE BY PLAINTIFF TO THE COURT'S ORDER TO SHOW CAUSE DATED 5/7/08:

1. I put the original and one copy of the above document inside an envelope addressed to the Clerk of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102-3483;

2. I presented the above-addressed envelope(s) to a guard at Salinas Valley State Prison, who then took possession thereof for processing presumably in accordance with prison mail procedures.

Executed this 20th day of May, 2008, at Soledad, California.

ERIC CHARLES RODNEY K'nAPP