IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC KNAPP, | ) | No. C 08-0719 (PR) |
| Plaintiff, | ) | ORDER TO SHOW CAUSE |
| | ) | WHY CASE SHOULD NOT BE |
| vs. | ) | DISMISSED UNDER 28 U.S.C. |
| | ) | § 1915 (g) |
| JAMES TILTON, et al, | ) | |
| | ) | |
| Defendants. | ) | (Docket No. 2) |
| | ) | |
| _____ | ) | |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se complaint under 42 U.S.C. § 1983. On May 7, 2008, the Court ordered Plaintiff to show cause why the complaint should not be dismissed based on 28 U.S.C. § 1915(g). On May 22, 2008, plaintiff filed a response to the order to show cause and a motion requesting leave to file an amended complaint.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has shown that one of the dismissals the Court identified as a "strike" under § 1915(g), *Knapp v. Knowles, et al.,* No. 2:06-cv-00453-GEB-GGH (E.D. Cal. June 13, 2007), is currently on appeal. Until the appeal of this dismissal is resolved, the

1  Court will not count the dismissal as a strike.  See Adepegba v. Hammons, 103 F.3d 383,

2  387-88 (5th Cir. 1996) (a dismissal should not be counted until the decision on appeal is

3  final); see also Adepegba, 103 F.3d at 388 (two strikes are counted where the district

4  court dismisses a case as frivolous and the appellate court dismisses the appeal therefrom

5  as frivolous, and one strike is counted where appellate court affirms the district court's

6  dismissal of a case as frivolous).  As a result, Plaintiff has shown cause why this action

7  should not be dismissed under § 1915(g) at this time.[1]  Plaintiff will be granted leave to

8  proceed in forma pauperis in a separate order.

9      Plaintiff has filed a motion to file an amended complaint.  A plaintiff may amend

10  his complaint once as a matter of course at any time before a responsive pleading is

11  served.  See Fed. R. Civ. P. 15(a).  Accordingly, the motion for leave to file an amended

12  complaint (docket no. 4) is GRANTED.

13  Within 30 days of the date Plaintiff Rucker may file an amended complaint within ***thirty***

14  ***days from the date this order is filed***.  The amended complaint must be simple and

15  concise and must include the civil case number used in this order (C 08-1497 JSW (PR))

16  and the words FIRST AMENDED COMPLAINT on the first page.

17      **Failure to file an amended complaint in accordance with this order will result**

18  **in the dismissal of this action without prejudice.  Plaintiff is advised that the**

19  **amended complaint will supersede the original complaint and all other pleadings in**

20  **this action.  Claims and Defendants not included in the amended complaint will not**

21  **be considered by the Court. See King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987).**

22      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

23  informed of any change of address and must comply with the Court's orders in a timely

24

25  _____

26      [1]The Court does not reach Plaintiff's other arguments in his response to

27  the order to show cause, and the Court's  ruling herein in no way constitutes a
    finding that such arguments have any merit.

28                  2

1  fashion by filing a separate paper captioned "Notice of Change of Address."  Failure to do

2  so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

3

4  **DISCUSSION**

5  I    Standard of Review

6      Federal courts must engage in a preliminary screening of cases in which prisoners

7  seek redress from a governmental entity or officer or employee of a governmental entity.

8  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

9  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

10  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

11  defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be

12  liberally construed, however.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

13  Cir. 1990).

14      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)

15  that a right secured by the Constitution or laws of the United States was violated, and (2)

16  that the alleged violation was committed by a person acting under the color of state law.

17  *West v. Atkins*, 487 U.S. 42, 48 (1988).

18  II    P.L.R.A.

19      Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a

20  civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or

21  more prior occasions, while incarcerated or detained in any facility, brought an action or

22  appeal in a court of the United States that was dismissed on the grounds that it is

23  frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

24  prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

25      The Ninth Circuit has recently considered the requirements for a dismissal under

26  the PLRA.  *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).  For purposes of a dismissal

27

28                                    3

1   that may be counted under § 1915(g), the phrase "fails to state a claim on which relief

2   may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and

3   carries the same interpretation, the word "frivolous" refers to a case that is "'of little

4   weight or importance: having no basis in law or fact,'" and the word "malicious" refers to

5   a case "filed with the 'intention or desire to harm another.'"  *Id.* at 1121 (citation omitted).

6   Only cases within one of these three categories can be counted as strikes for § 1915(g)

7   purposes, so the mere fact that Plaintiff has filed many prior cases does not alone warrant

8   dismissal under § 1915(g).  *See id.*  Rather, dismissal of an action under § 1915(g) should

9   only occur when, "after careful evaluation of the order dismissing an [earlier] action, and

10  other relevant information, the district court determines that the action was dismissed

11  because it was frivolous, malicious or failed to state a claim."  *Id.*

12      *Andrews* requires that the prisoner be given notice of the potential applicability of

13  § 1915(g), by either the district court or the defendants, but also requires the prisoner to

14  bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.

15  *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but

16  requires the court to notify the prisoner of the earlier dismissals it considers to support a §

17  1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before

18  dismissing the action.  *See id.* at 1120.  A dismissal under § 1915(g) means that a prisoner

19  cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his

20  claims if he pays the full filing fee at the outset of the action.

21      A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he

22  has had at least three such cases dismissed on the ground that they were frivolous,

23  malicious, or failed to state a claim upon which relief may be granted.  Plaintiff is now

24  given notice that this Court believes the following dismissals may be counted as

25  dismissals for purposes of § 1915(g): (1) *Knapp v. Picciano, et al.,* No. 2:03-cv-00394-

26  DFL-PAN (E.D. Cal. Aug. 13, 2004) (order of dismissal because amended complaint

27

28                                          4

1  failed to state cognizable claims for relief under Federal Rule of Civil Procedure 8, and

2  Plaintiff repeatedly disobeyed Court's orders to amend complaint in compliance said

3  rule); (2) *Knapp v. Knowles, et al.,* No. 2:06-cv-00453-GEB-GGH (E.D. Cal. June 13,

4  2007) (same); (3) *Knapp v. White, et al.*, No. 07-16156 (9th Cir. Aug. 24, 2007)

5  (dismissal of appeal because the order challenged in the appeal was not final or

6  appealable under federal rules insofar as the order did not dispose of all claims as to all

7  parties).  This Court made its evaluation of these cases based on reviewing both the

8  dismissal orders and the docket sheets in each of the cases.  *See Andrews*, 398 F.3d at

9  1120 (sometimes the docket records may be sufficient, and sometime the actual court files

10  may need to be consulted).

11       In light of these dismissals, and because it does not appear that Plaintiff is under

12  imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in

13  writing filed no later than **thirty (30) days from the date of this order** why this action

14  should not be dismissed pursuant to 28 U.S.C. § 1915(g).  Failure to do so will result in

15  the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of

16  the Federal Rules of Civil Procedure.  *See Malone v. United States Postal Serv.*, 833 F.2d

17  128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before dismissing

18  for failure to prosecute).  In the alternative to showing cause why this action should not

19  be dismissed, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by the

20  deadline.

21       IT IS SO ORDERED.

22  DATED:  June 13, 2008

23  JEFFREY S. WHITE
    United States District Judge

24

25

26

27

28                                              5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERIC  KNAPP et al,

          Plaintiff,

   v.

JAMES TILTON et al,

          Defendant.

_____/

Case Number: CV08-00719 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Charles Rodney Knapp
J-10618
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: June 13, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk