1   Eric C.R. K'nAPP (#J-10618)
    Sierra Conservation Center
2   5150 O'Byrnes Ferry Road
    Jamestown, California 95327
3
    In Pro Per
4

FILED

08 AUG 19 PM 12: 43

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  ERIC CHARLES RODNEY K'nAPP,          Case No.:      3:08-cv-00719-JSW

11  Plaintiff,

12  v.                                   NOTIFICATION   OF   PLAINTIFF'S   NEW
                                         ADDRESS; MOTION FOR ENLARGEMENT   OF
13  JAMES TILTON, et al.,                TIME   AND   FOR   RELATED   INJUNCTIVE
                                         RELIEF SO PLAINTIFF CAN MEET PRESENT
14  Defendants.                          AND/OR FUTURE CASE DEADLINES (Fed. R.
                                   /     Civ. P. 6(b) and 65).
15

16       TO: THE HONORABLE **Jeffrey S. White**, UNITED STATES DISTRICT JUDGE;

17       PLEASE TAKE NOTICE that Plaintiff Eric K'nAPP has been transferred to

18  another prison and is now at the above address heading this paper.

19       SECONDLY, Plaintiff desperately needs and therefore requests more time

20  to research, prepare, and file his amended complaint pursuant to the Court's

21  order of 6/24/08. (Doc. 8.)

22       LASTLY, Plaintiff motions the Court to grant narrowly tailored

23  injunctive relief that from now on in this case will (1) establish an

24  appropriate degree of "status quo" that must be maintained with respect to

25  Plaintiff for the fair and just resolution of this matter throughout its

26  remaining pendency, and (2) expressly prohibit any other personnel of the

27  California Department of Corrections and Rehabilitation from further hindering,

28  frustrating, impeding, and/or otherwise obstructing Plaintiff's ability to

1   meaningfully prosecute this action as a pro se prisoner litigant.

2          Plaintiff seeks such enlargement of time and injunctive relief for
3   significant cause, in good faith, with no intent to unduly delay this case or
4   prejudice defendants, and on the basis of the following declaration and attached
5   supporting documentation.

6   ///
7   ///
8   ///
9   ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

**DECLARATION OF ERIC K'nAPP**

2    I, Eric C.R. K'nAPP, declare the following under penalty of perjury:

3    1.   I am a California state prisoner continuously confined since 1994

4    within the California Department of Corrections and Rehabilitation (hereafter

5    "CDCr"), most recently at Salinas Valley State Prison (hereafter "SVSP") in

6    Monterey County, California from 10/18/05 to 7/31/08.

7    2.   Since 2005 at SVSP, I have been actively prosecuting the following

8    civil cases against CDCr personnel without assistance from counsel:

9        K'nAPP v. Hickman, et al. (E.D. Cal. [Sacto]) No. 2:05-cv-02520-FCD-CMK;
         K'nAPP v. Knowles, et al. (9th Cir.) No. 07-16225;
10       K'nAPP v. Harrison, et al. (C.D. Cal.) No. CV 06-07702-JVS (RC);
         K'nAPP v. Adams, et al. (E.D. Cal. [Fresno]) No. 1:06-cv-01701-LJO-GSA;
11       K'nAPP v. Tilton, et al. (N.D. Cal.) No. 3:08-cv-00719-JSW; and
         K'nAP v. Warden of [SVSP] (E.D. Cal.) No. 2:08-cv-01040-GEB-JFM.

12

13   3.   In order for me to effectively litigate my above civil actions with

14   any meaningful chance of success, I must be able to **first** research, outline,

15   draft, edit, and revise all related pleadings and papers **before** printing the

16   finalized versions that I must file in the courts and serve on the defendants.

17   4.   However, I suffer a very painful medical condition that numerous

18   CDCr doctors have repeatedly verified is a physical disability that **precludes** me

19   from being able to perform the major life activity of writing with pen or

20   pencil. (See, e.g., Attachments pp. 001 to 003.)

21   5.   Accordingly, I have had my own personal word-processing typewriter

22   for the past many years in prison, which CDCr doctors and officials from the

23   Headquarters level on down have identified, prescribed, and otherwise recognized

24   as a reasonable and necessary accommodation of my verified disability pursuant

25   to and in accordance with the Americans with Disabilities Act. (See, e.g.,

26   Attachments pp. 004 to 008.)

27   6.   In February of 2008, I began notifying the warden and other

28   officials at SVSP that I had had to include them as defendants in the above case

3

1  of K'nAPP v. Tilton. (See, e.g., Attachments pp. 009 to 015.)

2       7.   Additionally, I had to bring various other civil actions against
3  SVSP which ended up compelling that prison to change certain of its unlawful
4  policies, practices, and conditions. (See, Attachments pp. 016 to 021; see also,
5  pp. 022 to 024 [showing SVSP's failure to comply with the 5/5/08 order of the
6  California Superior Court in Monterey County and my related efforts to effect
7  such compliance and prevent having to initiate contempt proceedings].)

8       8.   On  6/14/08,  SVSP  officials  confined  me  in  administrative
9  segregation  (hereafter  "ad-seg")  for  reasons  that  they  alleged  were
10 "nonpunitive" in nature but which I contend were nonetheless meant to retaliate
11 against and purposely impede my ongoing litigation activities. (See, Attachments
12 p. 025.)

13      9.   When SVSP officials confined me in ad-seg on 6/14/08, they seized
14 **all** of my personal property and stored it away from me in boxes — including my
15 medically necessary personal typewriter and all of my active case materials.
16 (See, Attachments pp. 026 to 030.)

17      10.  On 6/18/08, I was taken to a cage in the ad-seg "law library" and
18 told that access thereto is afforded to ad-seg prisoners just once a week for no
19 more than only two hours per week, that the updated collection of federally
20 mandated law books are on a computer that ad-seg prisoners are not allowed to
21 conduct legal research on, that the ad-seg law librarian will only print out
22 specifically cited case reports, and that there is no index or table of contents
23 to any of the updated law books within the federally mandated collection that
24 ad-seg prisoners can even look to for identifying and requesting needed research
25 information.

26      11.  On 6/19/08, SVSP officials told me that I was to remain confined in
27 ad-seg for an indeterminate period of time pending transfer to the Sierra
28 Conservation Center in Jamestown, California. (See, Attachments p. 031.)

1    12.  On 6/21/08, the ad-seg property officer gave me back just two cubic
2  feet of the active case materials that were seized from me on 6/14/08, my 13"
3  color television, and miscellaneous other personal property (see, Attachments p.
4  032), but said that I **cannot** have my medically necessary personal typewriter
5  even though the CDCr's governing regulations - e.g., § 54030.11 of the CDCr's
6  Department Operations Manual (hereafter "DOM") - affirms that it reasonably
7  constitutes a Health Care Appliance that I was authorized to possess even in
8  ad-seg. (See also, California Penal Code § 2653(a); cf. Title 15 of the
9  California Code of Regulations (hereafter "15CCR"), §§ 3085, 3130, 3160(a),
10 3164(a), 3350(b)(1, 2), and 3358.)

11    13.  On 6/22/08, I suffered excruciating physical and mental pain as a
12 result of desperately reporting to the SVSP warden in writing that I was being
13 unduly hindered as a disabled prisoner in my ability to freely, equally, and
14 effectively express myself in writing as needed/desired, to correspond with my
15 loved ones and with others within and outside the prison, and to litigate my
16 active cases due to not having my medically necessary personal typewriter and
17 access to an adequate law library while confined in ad-seg. (See, Attachments p.
18 033 [showing that my letter to the SVSP warden did get logged at the SVSP
19 mailroom on 6/23/08].)

20    14.  On 6/25/08, I declined my weekly allotment of only two hours in the
21 ad-seg law library at SVSP because there was no way to conduct meaningful legal
22 research under such conditions and my verified physical disability hindered my
23 ability to create written notes by hand from whatever research I might have been
24 able to conduct anyway.

25    15.  On 6/26/08, an SVSP associate warden named R. GROUNDS - one of the
26 defendants I notified in K'nAPP v. Tilton (see, Attachments p. 014) - told me I
27 could use the ad-seg law library's typewriter, but **only** during my weekly 2-hour
28 access period.

5

1        16.  On 7/2/08, I was given access to the ad-seg law library's
2   typewriter for the very first time, but I was unable to produce any more than
3   just 3½ pages of text with it due to the fact that I was allowed to use it for
4   only an hour or so, it is an unfamiliar make and model for which the ad-seg law
5   librarian told me there is no instruction booklet, I had no idea how to use its
6   word-processing capabilities to outline, draft, edit, and revise the legal
7   document(s) I sought to create, and it had no correction tape to erase my typing
8   errors.

9        17.  From 7/4/08 to 7/8/08, I suffered agonizing physical and mental
10  pain (e.g., migraine headaches, muscle and nerve strain in my eyes, back, neck,
11  shoulders, and left hand) as a result of being forced to use my nonwriting hand
12  to painstakingly prepare a generic application for enlargement of time to meet
13  looming deadlines in my active civil cases. (See, Attachment pp. 034 to 037; see
14  also, pp. 038 to 045 [showing my filing and service of the document relative to
15  my active cases].)

16       18.  On 7/9/08, I spent my weekly allotment of just two hours in the
17  ad-seg law library obtaining copes of the above request for enlargement of time
18  while again trying to figure out how to use the ad-seg law library's typewriter
19  without the aid of its instruction manual.

20       19.  On 7/13/08, I very painstakingly asked SVSP officials in writing to
21  please provide me with the instruction manual for the ad-seg law library's
22  typewriter, or with the more familiar typewriter they had me using in another
23  SVSP law library prior to my confinement in ad-seg on 6/14/08, but they refused
24  or otherwise failed to answer or even acknowledge my written communication.

25       20.  From 7/10/08 to 7/22/08, SVSP officials refused or otherwise failed
26  to give me any access at all to either the ad-seg law library, its typewriter,
27  or a computer printout of any of eight specific cases I had requested from the
28  ad-seg law librarian on 7/9/08.

1    21. On 7/23/08, I spent my weekly allotment of just two hours in the
2    ad-seg law library trying to create needed legal documents without the benefit
3    of having the ad-seg typewriter's instruction manual, without knowing how to use
4    its word-processing features so I could outline, draft, edit, and revise the
5    text of what I sought to state in writing before typing it out, and without the
6    typewriter having any correction tape to erase my typing errors.

7    22. On 7/25/08, SVSP officials again seized all of my personal property
8    and stored it away from me in boxes, including the two cubic feet of active case
9    materials, my prescription reading glasses, and what little else they had
10   deigned to return to me on 6/21/08. (See, Attachments p. 046; cf. p. 032.)

11   23. Hence, on 7/28/08, I had to decline my weekly allotment of just two
12   hours in the ad-seg law library because I no longer possessed my prescription
13   reading glasses, anything to guide whatever meaningful legal research I would
14   have been unable to conduct anyway because of its aforementioned inadequacies,
15   nor could I have typed anything out since SVSP officials had still not provided
16   me with an instruction manual or correction tape for the ad-seg typewriter.

17   24. On 7/31/08, I was removed from SVSP ad-seg in cuffs, put on a bus,
18   and transported to the Sierra Conservation Center (hereafter "SCC") in
19   Jamestown, California.

20   25. From 7/31/08 to 8/12/08, SCC officials refused or otherwise failed
21   to give me any of my personal property, including my active case materials, my
22   medically necessary personal typewriter, my prescription reading glasses, and
23   correspondence supplies such as personal addresses, envelopes, and stamps.

24   26. When SCC officials finally issued me all of my personal property on
25   8/12/08 (Attachments p. 046), I suffered mental anguish and emotional distress
26   when I discovered that CDCr personnel most likely at SVSP had gone through all
27   of my active case materials outside of my presence and, in the process thereof,
28   haphazardly removed significant portions of such materials from the files,

7

1  envelopes, and other means of organization in which I originally had them.
2  (Which thus means that I will spend a significant portion of time over the next
3  several days if not weeks trying to determine what goes where among all 13 boxes
4  of my legal paperwork!)

5      27. Additionally, from 7/31/08 to 8/13/08, SCC officials kept me
6  confined inside a cell 24 hours a day on "Orientation Status" with no access
7  whatsoever to a law library or any legal resources.

8      28. My loved ones and I frantically reported to numerous government
9  officials the foregoing events and circumstances that I began to suffer on
10  6/14/08 (see, e.g., Attachments pp. 047 to 064), but until 8/13/08 I remained
11  severely hindered and essentially paralyzed in my ability as a physically
12  disabled and pro se prisoner to freely, effectively, and painlessly express
13  myself in writing, correspond with my loved ones, petition for redress of
14  grievances, access the courts, and litigate either this or my other active cases
15  pursuant to and in accordance with my guaranteed rights under the U.S.
16  Constitution's First and Fourteenth Amendments.

17      29. Additionally, I sought redress of such circumstances and conditions
18  pursuant to the CDCr's established procedures, but the SVSP appeals coordinators
19  - both of whom are defendants I also notified in K'nAPP v. Tilton (see,
20  Attachments pp. 012 and 013) - arbitrarily and capriciously rejected, delayed,
21  and otherwise unduly obstructed my administrative grievances and ADA
22  accommodation requests for no valid reasons serving any legitimate penological
23  objectives. (See, e.g., Attachments pp. 065 to 071; cf. p. 072 [showing that my
24  ADA and emergency appeals of 6/18/08 and 7/2/08 did **not** "duplicate" ADA request
25  B08 2768]; see also, pp. 073 to 076 [showing my 6/11/08 complaint against both
26  SVSP appeals coordinators MEDINA and VARIZ for repeatedly thus and similarly
27  obstructing my administrative grievances at least since 2006].)

28      30. Throughout the time that I have been diligently trying to prosecute

8

1 | my aforementioned civil actions as a pro se prisoner since 2005, CDCr personnel
2 | have repeatedly thus and similarly hindered, frustrated, impeded, and otherwise
3 | obstructed my ability to meaningfully do so pursuant to and in accordance with
4 | my rights under the U.S. Constitution's First and Fourteenth Amendments, the
5 | Americans with Disabilities Act, the Federal Rules of Civil (and Appellate)
6 | Procedure, the Local Rules of presiding U.S. District Courts, and even the
7 | CDCr's own governing rules and administrative regulations. (See, e.g., my
8 | several attempt to get Court-ordered relief against such interferences at E.D.
9 | Cal. Case No. 05-2520 [Docs. 17 to 19, 23, 78, 79, 96, 107, 109, 124, 127, 129,
10 | 132, 135, 137], and C.D. Cal. Case No. 06-07702 [Docs. filed 9/14/07, 10/24/07,
11 | 11/30/07].)

12 | 31. All of my above assertions are true, including any I may have
13 | alleged on received information and belief, and this declaration was executed
14 | the 14th day of August, 2008, at Jamestown, California.

15 |

16 |                                   ERIC C.R. K'nAPP

17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1    WHEREFORE, the Court should not only grant an appropriate period of time

2  for Plaintiff to now finally get to research, outline, draft, edit, revise,

3  print, copy, file, and serve his aforementioned legal document, but also order

4  at least the following injunctive relief narrowly tailored to Plaintiff for

5  purposes of this particular litigation:

6       1.   Declare Plaintiff's rights in this matter, including those he has
            as a physically disabled prisoner under Title II of the Americans
7            with Disabilities Act (42 U.S.C. § 12131 et seq.);

8       2.   Declare the CDCr's obligations with respect to Plaintiff in this
            matter, including to accommodate Plaintiff's verified medical
9            condition and provide him with meaningful access to an adequate law
            library;

10
        3.   Declare that the SVSP appeals coordinators made Plaintiff's
11           administrative remedies in this matter "unavailable" by erroneously
            rejecting Plaintiff's ADA and emergency appeals of 6/18/08 and
12           7/2/08 (see, Brown v. Valoff (9th Cir. 2005) 422 F.3d 926 & n.1
            [delay in responding to time-sensitive appeal issues can render
13           administrative remedies unavailable]);

14       4.   Declare that requiring Plaintiff to further attempt exhausting
            administrative remedies in this matter will likely cause him to
15           suffer still more "irreparable injury" beyond that which he has
            already suffered in this matter at least since 6/14/08 (see,
16           S.O.C., Inc. v. County of Clark (9th Cir. 1997) 152 F.3d 1136, 1148
            ["the loss of First Amendment freedoms, for even minimal periods of
17           time, unquestionably constitutes irreparable injury"], quoting
            Elrod v. Burns (1976) 427 U.S. 347, 373);

18
        5.   Order the CDCr to ensure from now on that Plaintiff always receives
19           at least ten hours per week of physical access to the updated
            collection of federally mandated law book, as well as an otherwise
20           adequate law library, whenever he has a pending court filing
            deadline in this case of 30 days or less per 15CCR § 3122(a) and
21           DOM § 101120.16;

22       6.   Order the CDCr to ensure from now on that Plaintiff's medically
            necessary personal word-processing typewriter always remain in his
23           possession - even in ad-seg - as an authorized Health Care
            Appliance per 15CCR § 3085, DOM § 54030.11, and Title II of the
24           ADA;

25       7.   Order the CDCr to ensure from now on that all of Plaintiff's active
            case materials remain in his possession - even in ad-seg - per
26           15CCR § 3161 and DOM § 54030.10.2; and

27       8.   Anything else the Court deems reasonable, necessary, and otherwise
            appropriate with respect to this motion.
28  ///

1   DATED: August 14th, 2008

2                                              Respectfully submitted,
                                               Respectfully submitted,

3

4
                                               ERIC CHARLES RODNEY K'nAPP
5                                              Plaintiff, In Pro Per

6   ///

7   ///

8   ///

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STATE OF CALIFORNIA                                                                                  DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

INSTRUCTIONS: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P/T _____ |
| Barrier Free/Wheelchair Access | P/T _____ | Single Cell (See 128-C date: _____ ) | P/T _____ |
| Ground Floor Cell | P/T _____ | Permanent OHU / CTC (circle one) | P/T _____ |
| Continuous Powered Generator | P/T _____ | Other _____ | P/T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P/T _____ |
| Limb Prosthesis | P/T _____ | Contact Lens(es) & Supplies | P/T _____ |
| Brace | P/T _____ | Hearing Aid | P/T _____ |
| Crutches | P/T _____ | Special Garment: | |
| Cane: (type) _____ | P/T _____ | (specify) _____ | P/T _____ |
| Walker | P/T _____ | Rx. Glasses: _____ | P/T _____ |
| Dressing/Catheter/Colostomy Supplies | P/T _____ | Cotton Bedding | P/T _____ |
| Shoe: (specify) _____ | P/T _____ | Extra Mattress | P/T _____ |
| Dialysis Peritoneal | P/T _____ | Other _____ | P/T _____ |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P/T _____ | Communication Assistance | P/T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T _____ |
| | | Short Beard | P/T _____ |
| Wheelchair Accessible Table | P/T _____ | Other _____ | P/T _____ |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes   ☐ No

If yes, specify: pt's medical condition precludes him from using pen or pencil for writing - PT can use typewriter

| INSTITUTION | COMPLETED BY (PRINT NAME) | TITLE |
|---|---|---|
| SVSP | R. S. J | MD |

| SIGNATURE | DATE 3/27/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| HCM/CMO SIGNATURE | DATE 3/28/07 | J-10618 |
| (CIRCLE ONE) APPROVED / DENIED | | Knapp, Eric |
| | | BY - 208L |
| COMPREHENSIVE ACCOMMODATION CHRONO | | DOB: 8/27/67        OO1 |

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record     Canary - Central File     Pink - Correctional Counselor     Gold - Inmate

STATE OF CALIFORNIA

Case 3:08-cv-00719-JSW   Document 10   Filed 08/19/2008   Page 13 of 19

*Consolidation Order* DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | |
|---|---|---|---|
| None | | (Bottom Bunk) | P /T |
| Barrier Free/Wheelchair Access | P / T | Single Cell (See 128-C date: _____ ) | P / T |
| Ground Floor Cell | P / T | Permanent OHU / CTC (circle one) | P / T |
| Continuous Powered Generator | P / T | Other _____ | P / T |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T |
| Limb Prosthesis | P / T | Contact Lens(es) & Supplies | P / T |
| (Brace) Back Brace | (P) T | Hearing Aid | P / T |
| Crutches | P / T | Special Garment: | |
| Cane: (type) _____ | P / T | (specify) _____ | P / T |
| Walker | P / T | Rx. Glasses: (Blanket#) T | |
| Dressing/Catheter/Colostomy Supplies | P / T | Cotton Bedding Extra Bedding (P) T | |
| Shoe: (specify) _____ | P / T | Extra Mattress Pressure Mattress (P) T | |
| Dialysis Peritoneal | P / T | Other 2 Pillows (P) T | |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T |
| Attendant to assist with meal access and other movement inside the institution. | P / T | Communication Assistance | P / T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T |
| | | Short Beard | P / T |
| (Wheelchair Accessible Table) | (P) T For Visiting only | Other No Prone Out | (P) T |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes  ☐ No  lifting > 15#

If yes, specify: Patients medical condition precludes him from using pen or pencil for writing – patient can use typewriter (std 3/21/07)  No Bending/Stooping/prolonged sitting or standing

| INSTITUTION | MAY 0 8 2007 | COMPLETED BY (PRINT NAME) D. Tyler FNP | TITLE |
|---|---|---|---|

SIGNATURE  D.L. TYLER BC4 FNP

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

T 106 18
Knapp Eric
By 208 L

HCM/CMO SIGNATURE  DATE 5/4/07

(CIRCLE ONE) APPROVED / DENIED

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P / T _____ |
| Barrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | Other _____ | P / T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T _____ |
| Limb Prosthesis | P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T _____ | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: _____ | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress | P / T _____ |
| Dialysis Peritoneal | P / T _____ | Other _____ | P / T _____ |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table P (T) 1 yr. DURING V/5/705. | | Other → NO PRONE DOWN | P (T) 1 yr. |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☒ Yes   ☐ No

If yes, specify: ___NO USE OF PEN OR PENCIL BUT CAN USE TYPEWRITER___

| INSTITUTION SVSP | COMPLETED BY (PRINT NAME) KAU SIMEN | TITLE MD |
|---|---|---|
| SIGNATURE | DATE 5/12/08 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE (CIRCLE ONE) APPROVED / DENIED | DATE 13/08 | K'nAPP, ERIC J10618 DOB |

### COMPREHENSIVE ACCOMMODATION CHRONO

Distribution:

Inmate Knapp J-10618 is issued _Brother_ _ML 100 ~~STANDARD~~_ typewriter for use

in his cell on ___03 - 26. 07___ 2007. Arrangements has been

made with Lt. B. Muniz and approved by the Warden M. Evans, for Inmate Knapp to be

allowed to use the typewriter for personal and legal work. He will afford this typewriter

until his Smith Corona Typewriter is replaced/repaired/returned. Based upon his ADA

condition, this loaned typewriter is a reasonable accommodation and should not be

removed unless there is a clear misuse of it that threatens institutional/facility security.


Inmate Knapp J10618 _Eric C.R. KinApp_ Date _3/26/07_

Issuing Officer _R Gonzalez_ Date _3 26 07_


_Ext_ TYPEWRITER BROTHER ML 100 STANDARD — delivered & working.
Conditional — Ribbon & daisy wheel included & cover for keyboard.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 1 1 2007

In re: Eric Knapp, J10618
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Received 10/18/07 E. W.

IAB Case No.: 0700826          Local Log No.: SVSP-07-01543

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that he has extreme difficulty conducting meaningful research in the Law Library due to his medical condition noted on his CDC Form 7410, Comprehensive Accommodation Chrono, dated March 28, 2007. The medical condition is listed as, "patient's medical condition precludes him from using pen or pencil for writing - patient can use typewriter." The appellant has requested to be granted permission to use the electronic note taking and document preparing features of the Premise Database Application, available on each Gilmore research computer in the Law Library.

II  SECOND LEVEL'S DECISION: The reviewer found that on April 19, 2007, the appellant was interviewed by R. Rojas, Library Technical Assistant. The appellant was informed that inmates shall not have access to diskettes or any other electronic storage media, except in an area approved by the institution head. Inmate clerks will give assistance to inmates with learning, language, reading, or writing problems. The appellant's CDC Form 7410, dated March 24, 2007, states that the appellant has a medical condition precluding him from using pen or pencil for writing but indicated the appellant can use a typewriter. The appellant was issued a loaner typewriter on March 30, 2007.

Standard policy prohibits use of word processing or "electronic document preparation" on any of the designated law library computers. The intent of providing these computers statewide is to allow access to the complete Gilmore Law Library. No software for word processing or document preparation is installed or allowed on these computers; they are essentially electronic books to provide access to the library legal collection. Any use of the Law Library computers, other than the limited access and reading of legal materials, is outside of the intended use and is not allowed. Case Law, statutory law, and assorted reference materials are provided at the Salinas Valley State Prison (SVSP) by printing from electronic media. These printouts will be delivered by institutional mail within five working days of a request. Electronic printouts remain the property of SVSP and are subject to overdue fees and lost charges. They may not be purchased.

Based upon the typewriter access provided to the appellant the appeal was partially granted at the Second Level of Review

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.  FINDINGS: This appeal was categorized at the SVSP as a Legal appeal; however, at the Director's Level of Review (DLR), it is determined this appeal falls under the category of Americans with Disabilities Act (ADA) due to the appellant requesting reasonable accommodation. It has been reclassified as an ADA appeal at the DLR.

It is noted that the appellant does have the option to request copies of specific legal information and these items will be delivered to him within five working days via institutional mail. However, these printouts must be returned to the library. In addition, staff at SVSP have approved and provided a loaner typewriter to the appellant. On October 9, 2007, the examiner contacted Mr. J. Burk, Senior Librarian at SVSP. Mr. Burk informed the examiner that the appellant also has access to a typing stand that sits next



ERIC KNAPP, J10618
CASE NO. 0700826
PAGE 2

to the Law Library Research computer where the appellant can type his notes due to his inability to use a pencil or pen to write notes.

Pursuant to the California Code of Regulations, Title 15, Section (CCR) 3120, each warden shall ensure a law library and related services are maintained for the benefit of inmates in their facility. A library access schedule shall be approved by the warden and posted throughout the facility. There is no statute or regulation that requires the institution to provide the appellant more access time than that which is dictated by his law library status. The appellant has failed to substantiate his claim that staff have denied him proper access to the law library. Pursuant to the Armstrong Remedial Plan (ARP), Section II.H.4, "A request for accommodation may be denied if equally effective access to a program, service, or activity may be afforded through an alternate method which is less costly or intrusive. Alternative methods, which may be less costly or intrusive to the existing operation/program, may be utilized to provide reasonable access in lieu of modifications requested by the inmate/parolee, so long as they are effective." The appellant has been given equally effective access to the law library as he can request printouts of legal material, he can type notes while viewing the law library computer, and he has a loaner typewriter provided to him. The appellant has failed to provide any compelling information or evidence that would warrant a modification to the decision reached by the institution.

**B. BASIS FOR THE DECISION:**
ARP: ARPI, ARPII.A, ARPII.F, ARPII.H.4, ARPIII.A, ARPIII.B.1
CCR: 3160, 3161, 3162, 3350, 3354

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Health Care Manager, SVSP
       Appeals Coordinator, SVSP
       Medical Appeals Analyst, SVSP





STATE OF CALIFORNIA                                                            DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR** | INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY:
**ACCOMMODATION REQUEST**

CDC 1824 (1/95)

SVSP    B    08    0125    18. ADA
CA1 - 1st

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

In processing this request, it will be verified that the inmate/parolee has a disability which is covered
under the Americans With Disabilities Act.

Can't write, needs pkg containing typewriting supplies    3/13/08 CCII Elvy MEDI

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| K'napp | J-10618 | | | B4-208 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability
shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or
programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable
you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise
qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered
within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form
constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F"
of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision
rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on
the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

602    converted
to    1824

Can't write, needs pkg

DESCRIBE THE PROBLEM:

Containing type writing
supplies.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I voluntarily withdraw this appeal following issuance of requested relief
on 3/13/08. Thank you.
Eric ORL (J10618) 3/13/08

See attached 602.

State of California                                                    California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

DATE:   **March 13, 2008**

NAME:   **Knapp**              CDC # **J10618**

*Received on 3/14/08 C. Viji*

APPEAL #:   FIRST LEVEL APPEAL LOG #**SVSP-B-08-01257**

APPEAL DECISION: **Granted**

SUMMARY OF APPEAL: The Appellant states he is writing impaired and is being prevented from meeting legal deadlines and otherwise exercising his First Amendment Rights due to him not being issued incoming vendor package. The Appellant states the incoming vendor package contains personal typewriter ribbons that is required in his typewriter. The Appellant states his chrono for no writing with a pen or pencil and only a typewriter is not being honored. The Appellant is requesting on appeal that a satisfactory resolution be completed as soon as possible.

SUMMARY OF INVESTIGATION: On March 13, 2008, the appellant was interviewed and stated he currently has a legal deadline and it must be mailed out by March 13, 2008. The Appellant states that he needs the typewriter ribbons to meet the deadline because he can not use a pen or pencil.

APPEAL RESPONSE: A thorough review of this appeal has been completed. Your appeal is **Granted.** On March 13, 2008, Facility "B" received the Appellant's quarterly package. The Appellant was issued his package which contained the typewriter ribbons. The Appellant withdrew his appeal stating he was satisfied with the results.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

K. Johnson
Correctional Sergeant
Salinas Valley State Prison

W. Muñiz
Facility "B" Captain
Salinas Valley State Prison

