IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES TILTON, et al, ) <br> ) <br> Defendants. ) <br> ) <br> ) | No. C 08-0719 JSW (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br><br> (Docket Nos. 10, 12, 13) |

Plaintiff, currently incarcerated at the Sierra Conservation Center in Jamestown, California, has filed a civil rights complaint. Plaintiff's motion to proceed *in forma pauperis* (docket no. 2), was previously GRANTED.  In this order, the Court reviews Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty days.  Plaintiff was previously granted leave to file an amended complaint and did so on July 11, 2008.

On August 19, 2008, Plaintiff filed a notice of change of address from Salinas Valley State Prison (SVSP) to the Sierra Conservation Center and a request for injunctive relief, given a detailed two month period when Plaintiff alleges SVSP officials denied him access to a medically necessary typewriter (docket no. 10).  Given that Plaintiff's request was premised on the actions of those officials, the request is DENIED as moot, now that Plaintiff is no longer incarcerated there.

Plaintiff subsequently filed a motion seeking to further amend the complaint and

an extension of time in which to do so (docket nos. 12, 13).  These motions are now GRANTED (docket now. 12, 13).  Thereafter, on September 10, 2008, Plaintiff filed a second amended complaint (labeled by him as "First Amended Complaint") (docket no. 14), which is now before the Court for review.

## DISCUSSION

As a preliminary matter, Plaintiff has filed an extremely lengthy complaint involving 109 different Defendants, 35 of whom are identified as "Doe" Defendants and many unrelated claims, labeled as claims one through five, comprised of 53 separate sub-claims, some apparently related to each other and others not.  The claims in the complaint are wide-ranging and include alleged violations of Plaintiff's rights regarding incoming mail, outgoing mail, delays in the distribution and sending of his mail, theft and/or withholding of Plaintiff's authorized package, retaliation, confidential correspondence with prison officials, denial of visitation, visitation restrictions, restrictions on communications in the visitor's room with anyone other than the visitor, SVSP's practice of prohibiting prisoners from wearing allowed clothing during winter visits, failure to adequately accommodate Plaintiff's disability in the provision of a typewriter, denial of adequate accommodation in the law library, denial of adequate time or copies by the law library staff, denial of his medication, retaliatory disciplinary action and various claims regarding interference with Plaintiff's ability to use the prisoner administrative grievance system.  However, because these claims are not properly joined, Plaintiff's complaint cannot proceed.  Because the Court cannot determine on which of the above claims Plaintiff wishes to proceed, the Court now dismisses the complaint with leave to amend within thirty (30) days as set forth below.

I     <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

Plaintiff's complaint includes a lengthy recitation of facts and a separate list of over one hundred separate Defendants, along with 5 claims and fifty three sub-claims, which involve different Defendants and different events.  These claims are not properly joined.  Federal Rule of Civil Procedure Rule 20 provides,

> All persons. . .may be joined in one action  as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences ***and*** if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a) (emphasis added).  Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just.  F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In this case, Plaintiff asserts many unrelated claims against different Defendants.  This Court is unable to determine which of the many claims is Plaintiff's primary complaint.  Therefore, the Court now dismisses the complaint with leave to amend.

The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) requires that a plaintiff cannot

3

assert a grab-bag of unrelated claims against different defendants. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

In filing his amended complaint, Plaintiff should also comply with the appropriate rules regarding civil complaints. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Plaintiff's complaint fails to provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation

4

may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

The complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.  Plaintiff should state his claims simply and need not present a lengthy history unrelated to the actions he complains about.  The amended complaint should comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those Defendants who are properly joined.  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure

to amend within the designated time will result in dismissal of the complaint.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 13, 2008

　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　United States District Judge

6

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

ERIC C R KNAPP et al,

        Plaintiff,

  v.

JAMES TILTON et al,

        Defendant.

         Case Number: CV08-00719 JSW

         **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Charles Rodney Knapp
J-10618
Sierra Conservation Center
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

Dated: November 13, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk