IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al,<br><br>Defendants. | No. C 08-0719 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, currently incarcerated at the Sierra Conservation Center in Jamestown, California, has filed a civil rights action. After filing his original complaint, he filed a first amended complaint. Thereafter, he was granted leave to file a second amended complaint, which he filed on September 10, 2008 (labeled "First Amended Complaint") (docket number 14). After reviewing the second amended complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed it with further leave to amend. Plaintiff timely filed a third amended complaint on July 31, 200, which the Court now reviews pursuant to Section 1915A.

**DISCUSSION**

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

Case 3:08-cv-00719-JSW   Document 27   Filed 11/08/10   Page 2 of 5

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

The second amended complaint was extremely lengthy, included over one hundred Defendants and over fifty claims and sub-claims. Because the claims were so wide-ranging and arose out of many distinct and unrelated incident, the Court found them to be improperly joined under Rule 20(a) of the Federal Rules of Civil Procedure. The second amended complaint was dismissed on these grounds, but plaintiff was given leave to file a further amended complaint in order to cure this problem. Plaintiff's third amended complaint does not do so because it continues to set forth a large number of unrelated, and improperly joined, claims and Defendants.

Rule 20(a) provides,

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences ***and*** if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a) (emphasis added). Like the second amended complaint, the third amended complaint is over one hundred pages long, includes over one hundred defendants (approximately eighty of whom are named), and sets forth over fifty distinct claims. Also like the second amended complaint, the claims in the third amended complaint are extremely varied and largely unrelated, including the denial of certain

2

items of clothing, interference with mail, retaliation, prison transfers, denial of administrative grievances, compliance with the Americans with Disabilities Act, placement in administrative segregation, confiscation of personal and legal property, denial of visitors, insufficient medical care, and allegations of conspiracy.  In addition, these claims arise out of a broad array of largely unrelated incidents that occurred over a three-year period between 2005 and 2008.

When Plaintiff was given leave to amend his second amended complaint, he was instructed that the new amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Specifically, he was instructed that he cannot "assert a grab-bag of unrelated claims against different defendants," which is precisely what he has done.  Indeed, he was informed:

> In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

Plaintiff has not followed these instructions insofar as his third amended complaint continues to set forth a vast array of unrelated and improperly joined defendants and claims.  Plaintiff was cautioned that his failure to follow the instructions for amendment would result in the dismissal of this action.  As the third amended complaint continues to fail to comply with Rule 20(a), it will be dismissed.  Moreover, as Plaintiff has had a number of prior opportunities to amend and has been unable cure the deficiencies of his prior complaints, further leave to amend will not be granted.

//

//

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, this action is DISMISSED. The Clerk shall close the file, enter judgment against Defendants and terminate any pending motions on the Court's docket.

IT IS SO ORDERED.

DATED: November 8, 2010

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

ERIC C R KNAPP et al,

       Plaintiff,

  v.

JAMES TILTON et al,

       Defendant.

                                          /

Case Number: CV08-00719 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Charles Rodney Knapp
J-10618
Sierra Conservation Center
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

Dated: November 8, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk